

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SIMMONS,

        PLAINTIFF,

v.

STATE FARMS INSURANCE COMPANY,

        DEFENDANT,

CASE NO. **2:10-cv-11857**

HONORABLE: Bernard A. Freidman

| IN PRO PER | SECREST WARDLE |
|---|---|
| DAVID SIMMONS | NATHAN J. EDMONDS (P51453) |
| 6026 CENTRAL | ATTORNEY FOR DEFENDANT |
| DETROIT, MICHIGAN 48210 | 94 MACOMB PLACE |
| | MT. CLEMENS, MI 48043 |
| | (586) 465-7180 |
| | (586) 465-0673(Fax) |

### AFFIDAVIT OF DAVID SIMMONS

I, DAVID SIMMONS, being of lawful age and capacity, hereby for myself, my heirs, executors, administrators and assigns, do hereby, make no release of any kind to, STATE FARMS MUTUAL INSURANCE AUTOMOBILE COMPANY et al, from any and all statements initially filed in original complaint, (SOLEMNLY AFFIRM): AND SAY THAT:

1. I am the Petitioner in this matter and have personal knowledge of the matters herein referred to.

    **Background**

2. I am 50 years of age.
3. I was the pedestrian, who in-fact was struck, by an uninsured motorist, who was drunk.
4. The uninsured motorist caused Plaintiff to be physically pinned between a liquor store wall and her bumper, causing Plaintiff, to sustain serious, disabling, and catastrophic personal injuries to plaintiff, to wit:

        a. Multiple fractures
        b. Traumatic brain injury
        c. Permanent ambulatory limitations
        d. Chronic back and leg pain

1

e.  Chronic head aches
f.  Neck and eye pain

**Approval for Assign Claims benefits**

5.  Plaintiff was assigned a claim number which is **22k359924. MCL 500.3101 et seq.**
    **[Provided by and through Assign Claims.].**
6.  The Defendants failed to perform under the provisions set forth in  the **Michigan No-fault Act,**
    **MCL 500.3142 (1)(2),(3),** which states,

> (1)  *"Personal protection insurance benefits are payable as loss accrues".*

> (2)  *States in whole, " Personal protection insurance benefits are overdue if not
>     paid within 30 days after an insurer reasonable proof of the fact and of the
>     amount of loss sustained. If reasonable proof is not supplied as to the entire
>     claim, the amount supported by reasonable proof is overdue if not paid within
>     30 days after the proof is received by the insurer. Any part of the remainder of
>     the claim that is later supported by reasonable proof is received by the insurer.
>     For the purpose of calculating the extent to which benefits are overdue,
>     payment shall be treated as made on the date a draft or other valid instrument
>     was placed in the United States Mail in a properly addressed, postpaid
>     envelopes, or, if not so posted, on the date of delivery".*

> (3)  *"An overdue payment bears simple interest at the rate of 12% per annum".*

> (4)  Plaintiff met the requirements set forth under the Michigan No-Fault Act and
>     complied with the provision in MCL 500. 3151. Specifically:

> (5)  Plaintiff, David Simmons' is entitled to receive **(PIP)** benefits.  Plaintiff, alleges
>     the Defendant, "refused" to pay benefits to which he is entitled under the
>     Michigan No-Fault Act, and the Legislature.

> (6)  Plaintiff  reasserts, that the legislature did not intend to give insurers immunity
>     from making fraudulent statements or actions and has recognized that
>     fraudulent acts should be prohibited.

> (7)   Plaintiff reasserts that MCL 500.2001, of the "Uniform Trade Practices Act"
>     (UTPA) prohibits an insurer such as STATE FARMS, and its employees from
>     making fraudulent statements. MCL 500.2003. Prohibited Trade Practices, as
>     mentioned in Original Complaint as Exhibit "A".

> (8)  Plaintiff explicitly reserve all rights pursuant hereto, and Original Complaint.

e. Chronic head aches

f. Neck and eye pain

## Approval for Assign Claims Benefits

5. Plaintiff was assigned a claim number which is 22-1896024, MCL 500.3101 et seq. [Provided by and through Assign Claims].

6. The Defendants failed to perform under the provisions set forth in the Michigan No-Fault Act, MCL 500.3142 (1),(2),(3), which states:

(1) "Personal protection insurance benefits are payable as loss accrues."

(2) Shows in words, "Personal protection insurance benefits are overdue if not paid within 30 days after an insurer reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if the same is... For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States Mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery."

(3) "To overdue payment bears simple interest at the rate of 12% per annum."

(4) Plaintiff met the requirements set forth under the Michigan No-Fault Act and complied with the provision in MCL 500.3151 specifically;

(5) Plaintiff, David Simanones is entitled to receive (PIP) benefits. Plaintiff alleges the Defendant, "refuses" to pay benefits to which he is entitled under the Michigan No-Fault Act, and the Legislature.

(6) Plaintiff reasons that the legislature did not intend to give insurers immunity from making fraudulent statements or actions and has recognized that fraudulent acts should be prohibited.

(7) Plaintiff reasserts that MCL 500.2001 of the "Uniform Trade Practices Act" (UTPA) prohibits an insurer such as STATE FARMS, and its employees from making fraudulent statements, MCL 500.2003, Prohibited Trade Practices, as mentioned in Original Complaint as Exhibit "A".

(8) Plaintiff explicitly reserve all rights pursuant hereto, and Original Complaint.

7. On or about 05/24/2011, the Settlement conference, Attorney Nathan J. Edmonds, and Magistrate: Mark A. Randon, informed me that STATE FARMS MUTUAL AUTOMOBILE INSURANCE COMPANY, had compelling information that I committed fraud, and that they had compelling video of me working, and that it would not be in my interest to continue to pursue said allegations set forth in initial complaint, and that I should retain an attorney.

8. I in-fact contact Carl Collins office, to represent me in regards to this suit at hand, not because of any type of fraud on my behalf, yet the pain in my body was great from the catastrophic automobile accident, and at that time I was unable to represent myself, believing that the Law firm of Carl Collins III, would handle this matter in a skillful manner.

9. On or about 08/23/2011, I was informed through counsel that there was not any evidence, to continue to pursue these claims, when STATE FARMS MUTUAL AUTOMOBILE INSURANCE COMPANY, was going to pay, if I agreed to their terms and conditions.

10. On or about June 17, 2011, my beloved Mother passed away, from heart failure, I David Simmons in-fact became was depressed, and fell into a greater depression, due to this Catastrophic automobile accident, unable to assist like I use to due to this accident, and the sudden death of my mother, was too much for me to bear, and could not remember much of the Original Complaint, due to short term memory loss, and chronic pain.

11. On or about 08/22/2011, I David Simmons received a call from Attorney Carl Collins III, to remind me of a pretrial scheduled for 08/23/2011, and that I had to be there at the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION. TIME 1:00pm, in Honorable Bernard A. Freidman chambers.

12. On or about 08/23/2011, time about 10:00am, I David Simmons, contact the law office of Carl Collins III, to inform them of my situation that I was encountering and that I, could not make it to the Pre-Trial mentioned in the foregoing paragraph(11), and location, due to the great pain that I was enduring in my body, within the course of that early morning.

13. I David Simmons, was informed, by and through counsel that I had to be there, and that if I did not show that my case would be possibly dismissed, and that I should settle the case.

14. I did in-fact appeared as scheduled, and the Honorable Judge: Bernard A. Friedman, had to take care of a more urgent matter at hand, yet I patiently waited and enduring the chronic pain that I was dealing with, and counsel, continually being persistent in settling the case, and wanting to leave no sooner than I arrived, and in a state of depression finally, agreed and yet under duress, stress, depression, and Chronic pain, and cohersion, I gave up.

15. And therefore agreed to said request against my will, to settle so that I could leave and deal directly with the Chronic pain that I was painfully enduring.

16. On or about 08/24/2011, I David Simmons, contact counsel that I did not want to settle, and/or dismiss this case, after I was able to read the RELEASE OF CLAIM, Exhibit "B" and the stipulations, which is totally contrary to my Original Complaint, and therefore do not RELEASE ANY CLAIMS, arising out of the ORIGINAL COMPLAINT in its entirety., as Exhibit "A", Also SEE: David Simmons, Affidavit and Permanent Release of All Attorney Services, as Exhibit "C"

SWORN BEFORE ME in the City of Detroit, in the Province of Michigan
This 25th day of ~~August 2011~~

By: _David Simmons_



ANSAR TAHATAN-MAAT EL
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
MY COMMISSION EXPIRES OCT. 10, 2012
ACTING IN THE COUNTY OF _WAYNE_

3

_Ansar T. Maat El_





IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETWEEN:

DAVID SIMMONS

AND:                                                                                  PETITIONER

STATE FARMS MUTUAL AUTOMOBILE
INSURANCE COMPANY

                                                                                      RESPONDENT

_____

AFFIDAVIT OF DAVID SIMMONS

_____

David Simmons
6026 Central
Detroit, MI 48210

4

# EXHIBIT "A"

SF Fax Server 04-11857-BAF-MAR   Doc #1   Filed 05/18/10   Pg 35 of 35   Pg ID 6
Received: 4/28/2010 4:50:24 PM   PAGE   4/28   Fax Server

JURY FEE PAID
THIS DATE:
BY: **APR 26 2010**

### STATE OF MICHIGAN
## IN THE THIRD CIRCUIT COURT FOR THE COUNTY WAYNE

David Simmons,

**Plaintiff**

Vs.

State Farms Insurance Company

**Defendant**

_____ /

SIMMONS, DAVID v STATE FARMS INSU   04/26/2010
Hon. Susan D. Borman

10-004796-NF

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, David Simmons' is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. The amount in controversy exceed an amount greater than $25,000.00.

### Count I
### Breach of Performance /Contract and violations of the Michigan No- Fault Act

3. Plaintiff repeats and realleges the allegations contained in 1-2 herein.

4. On or about April 26, 2009, Plaintiff David Simmons, a pedestrian with no

SF Fax Server 64   Received:   4/25/2010 4:50:24 PM   PAGE   5/28   Fax Server
2:10-cv-11857-BAF-MAR   Doc # 1   Filed 05/07/10   Pg 7 of 35   Pg ID 7

Automobile insurance coverage, was exiting a convenient store / liquor store, talking to a relative on his cell phone, and was struck, by an alleged uninsured motorist, who was drunk. The uninsured motorist caused Plaintiff to be physically pinned between a liquor store wall and her bumper, causing Plaintiff to sustain serious, disabling, and catastrophic personal injuries to Plaintiff, to wit:

    a. Multiple fractures

    b. Traumatic brain injury

    c. Permanent ambulatory limitations

    d. Other physical injuries to be borne through discovery.

5. Plaintiff asserts that, the Defendant became responsible for Plaintiff's "PIP" benefits by reason that, plaintiff was an uninsured pedestrian, who was injured in a motor vehicle accident, which require reimbursements for the cost , including but not limited to the following:

    a. Medical Transportation

    b. Attendant care

    c. Medical bills, expenses for care, recovery and rehabilitation

    d. Household replacement services

    e. Case management services

    f. Other PIP benefits in accordance with the below provisions.

2

6.    Plaintiff was assigned a claim number which is 22K359924 MCL

500.3101 et seq. *[Provided by and through Assign Claims.]*

7.    On or around May of 2009, Plaintiff was provided with attendant care

services, and household replacement services, which the Defendant State Farm,

subsequently has either stopped and/or refused to pay, in violation of Michigan No-Fault

Act.

8.    Plaintiff, David Simmons' is entitled to receive (PIP) benefits. Plaintiff,

alleges the Defendant "refused" to pay benefits to which he is entitled under the

no-fault act.

9.    The Defendant failed the perform under the provisions set forth in the

Michigan No-Fault Act. Specifically, the Defendant is in violation of the Michigan

No-Fault Act, MCL 500.3142(1)(2),(3), which states.

(1)  *"Personal protection insurance benefits are payable as loss*
*accrues".*

(2)  States in whole, *"Personal protection insurance benefits are*
*overdue if not paid within 30 days after an insurer reasonable*
*proof of the fact and of the amount of loss sustained. If reasonable*
*proof is not supplied as the entire claim, the amount supported by*
*reasonable proof is overdue if not paid within 30 days after the proof*
*is received by the insurer. Any part of the remainder of the claim that is*
*later supported by reasonable proof is received by the insurer. For the*
*purpose of calculating the extent to which benefits are overdue, payment*
*shall be treated as made on the date a draft or other valid instrument*
*was placed in the United States Mail in a properly addressed, postpaid*
*envelope, or, if not so posted, on the date of delivery".*

3

(3) *"An overdue payment bears simple interest at the rate of 12% per annum".*

10.  Plaintiff met the requirement set forth under the Michigan No- fault Act and complied with the provision in MCL 500.3151.  Specifically:

A).  On or about March, 2009, Plaintiff submitted to an Independent Medical Examination (I.M.E.), which was his First initial Examination, scheduled For March 07, 2010, time 9:00 am, at a Orthopedic Surgeon, provide through State Farms Insurance (I.M.E.).

B)  On March 14, 2010, time 9:15 am, at same facility Neuropsychologist, (first copy of I.M.E. attached Exhibit 1) (second copy of I.M.E. attached Exhibit 2).

11.  Plaintiff requested a certified copy of both the (I.M.E.'s ), but has not received said documents as of to date. The defendant and/or agent attempted to hindering the retrieval of certified document in order for plaintiff to meeting the provision , as Mandated in § 544(a), which States: that payment shall be made after the insurer receives "satisfactory proof" of the claim.  *[Id. at 192 - 194.]*. The defendants repeatedly denied received plaintiff's Forms

12.  On or about July, 2009, the Attendant Care Services and Replacement Services Forms, which was the forms given to plaintiff by the defendant, and were mailed by RN, Sunzie Sene (Attendant Care Service provider), to Defendant, State Farms Insurance Compliant to the provisions, as Mandated in § 544(a), which States: that payment shall be made after the insurer receives "satisfactory proof" of the claim.

4

*[Id. at 192 – 194.]*.

13.    Plaintiff asserts that he labored as a truck driver, and lay in despair, that he is in fact unable to work, since he sustain serious, disabling, catastrophic , personal injuries to his body. And therefore, has been unemployed, from the time of said Automobile accident, and continues to maintain the same status.

14.    Plaintiff was informed by State Farm, to meet with their insurance adjuster ( Renea Campau) on or about July ,2010, pursuant to the Scheduled date made by the law firm for plaintiff's third party claim, to discuss Plaintiff "PIP" benefits .

15.    The Insurance adjuster from State Farm, stated that plaintiff met the requirements, and  was eligible  for PIP benefits,  which included:

        A) Attendant Care Services,
        B) Replacement Services,
        C) Transportation Services,
        D) Medical Services,

16.    The Defendants failed to perform as agreed and pursuant to entitlements set forth under the Michigan No- Fault Act. Specifically, the insurance adjuster stated that Plaintiff would receive his benefits no later than four (4) weeks after the meeting.

17    As of this date, Plaintiff has yet to receive, any Replacement Service benefits, or Attendant Care Services Benefits that the defendant, State farms Insurance adjuster promised to pay.

18.    State farms Insurance adjusters, makes unreasonable assertions that

Plaintiff's claim is under Investigation, but Plaintiff is in contentions that his claim has been under Investigation since its Conception.

19.   As a result of defendant violations, plaintiff is entitled to an award for Defendant's Breach of Performance and/ or it obligation, as insurer

<div align="center">

**Count II**
**Fraudulent Misrepresentation**

</div>

20.   Defendants failed to perform under the Michigan No-Fault Act, which provides victims of motor vehicle accidents with Adequate and prompt reparation for certain economic losses.`` Ibid,p.579.

21.   Plaintiff asserts that the legislature did not intend to give insurers immunity from making fraudulent  Statements or actions and has recognized that fraudulent acts should be prohibited.

22.   Plaintiff asserts that MCL 500.2001, of the ``Uniform Trade Practices Act'' (UTPA) prohibits an insurer such as State Farm, and its employees from making fraudulent statements.   MCL 500.2003. Prohibited Trade Practices; is defined as:

> ``Sec. 2003 (1) A person shall not engage in a trade practice which is defined in this Uniform Trade Practices Act or is determined pursuant to this act to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.
>
> (2) `Person' means a person defined in section 114 and

<div align="center">6</div>

includes an agent, solicitor, counselor, or adjuster, but excludes the property and casualty guaranty association.

(3) 'Insurance policy' or Insurance contract' means a contract of Insurance, indemnity Suretyship, or annuity issued or proposed or intended for Issuance by a person engaged in the business of Insurance."

23.  The defendant has misrepresented several material facts, in violation of the Uniform Trade Practices Act.   Defendant, State Farms Insurance specifically misrepresented  that:

  a. Plaintiffs claim is under investigation, and that

  b. I did not need Physician Urgent Attendant Care to perform services for me,

  c. and that if Plaintiff relieved Physician Urgent Attendant Care, that they would  tender payment to Plaintiff.

24.  Plaintiff asserts under the penalty of perjury that he has not received any payment for the Attendant Care Services, which he has underwent.

25.  Since May of 2009, Arnold Collins, has provided Plaintiff, David Simmons with household replacement services, which the defendant has failed to pay. (copy of replacement services attached Exhibit 3)

26.   Defendant has misrepresented a payment date, and ultimately has failed to pay Plaintiff his "PIP" benefits , to which he is entitled to receive, in accordance within the applicable Michigan no-fault provisions set forth in his complaint.

7

27.  The Defendants misrepresented that they would pay, at a specified time period:

        A:  attendant care services,

        B:  replacement services,

        C:  partial payment of medical services,

        D:  partial payment of transportation services,

        E:  case management services

28.   Plaintiff has sustained damages as a result of defendant's misrepresentation, and  failure to perform/pay Plaintiff's his "PIP" benefits .

29.  Plaintiff asserts that, the defendants and its unreasonable delay, fraudulent misrepresentation and/or fraudulent concealment of the facts is a result of violations of the provisions of Michigan no- fault laws

30.  The Defendant's failure to pay and unreasonable delay in making entitled Payment to Plaintiff, is contrary to the requirement of the Michigan no-fault Statute, MCL 500.3101 et  seq.

**Remedy Sought**

WHEREFORE Plaintiffs prays that a judgment be entered against Defendant, and That the Defendant be ordered to Pay the plaintiff an amount of $50.00 a hour for Lifetime attendant care, starting from May 4th of 2009, to this current date.  A jury's

determination that $20.00 dollars a day for replacement services is due, and that all Plaintiff's "PIP" benefits associated within the provision set forth in the Michigan no-fault Act is to be paid to Plaintiff, with interest, costs, and damages associated with said claim, totaling the Amount of $219,000.00 at a interest rate of 12% for Attendant care, and Replacement services staring from May 24, 2009, at $20.00 a day at 12%, to equaling an amount sustainable from damages, which is $ 1,000,000, 00.00 One million Dollars in US Currency

Respectfully Submitted,

David L. Simmons

Plaintiffs asserts under the penalty of perjury that the statements of Material Facts herein, are true accurate and complete, and are not misleading.

Dated this 26 day of April, 2010

9

# EXHIBIT "B"

## RELEASE OF CLAIMS

FOR     THE     SOLE     CONSIDERATION     of     the     sum     of Seventeen Thousand_____ and     no/100     ($17,000 ͨ ° ) Dollars, I, DAVID SIMMONS, being of legal age and capacity, hereby for myself, my heirs, executors, administrators and assigns, do release, acquit and forever discharge STATE FARM MUTUAL INSURANCE AUTOMOBILE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever, past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Wage Loss and Replacement Service Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009. I moreover release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Attendant Care Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009.  I further release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future arising from the alleged failure to pay No Fault Personal Protection Insurance Medical Expense Reimbursement Benefits to or on behalf of David Simmons incurred in consequence of an automobile accident which occurred on or about April 26, 2009, except for future Medical Expense Reimbursement Benefits, not including Attendant Care Benefits and/or Transportation Benefits, arising out of an injury sustained to David Simmons' right ankle. √Additionally, I further agree to Release Medical Expense Reimbursement Benefits for treatment with Physicians Urgent Attendant Care and/or Timely Transportation as specifically set forth below.

Specifically, I do hereby release and discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY from the following claims and damages, set forth as examples and not for purposes of limitation:

1.)   All past, present and/or future expenses for necessary products, services and accommodations for the care, recovery or rehabilitation of David Simmons, including, but not limited to, medical, hospital, psychiatric, nursing, x-ray, dental, surgical, therapy, ambulance, chiropractic, prescriptions, mileage and/or transportation, cognitive rehabilitation, vocational rehabilitation and/or retraining, prosthetic device expenses, room and board, home modifications, case management fees and guardian fees, which may relate to injuries sustained in the above referenced accident EXCEPT FOR future medical expense benefits, not including attendant care and/or transportation, arising out of an injury sustained to David Simmons' right ankle.  Any and all claims, demands, actions and causes of actions of any sort whatsoever which may arise from State Farm Mutual Automobile Insurance Company's alleged failure to pay past, present and/or future medical expense benefits, except for future medical expense benefits, not including attendant care and/or transportation,  to any and all of David Simmons' medical treatment providers for services rendered as a consequence of the above mentioned accident shall not in any way relate back to David Simmons' Complaint filed with respect to the above mentioned accident and/or to the date David Simmons filed his Complaint against State Farm Mutual Automobile Insurance Company with respect to the above mentioned accident.  The undersigned further agrees that he shall never again seek treatment

1

with Physicians Urgent Attendant Care and/or Timely Transportation for injuries sustained in consequence of an automobile accident which occurred on or about April 26, 2009, as set forth above.

2.) All past, present and future attendant care and/or supervisory care that would have been paid or payable pursuant to Section 3107 (1)(a) of the Michigan No-Fault Act.

3.) All past, present and future lost wages that would have been paid or payable pursuant to Section 3107 (1)(b) of the Michigan No-Fault Act.

4.) All past, present and future replacement service benefits which would have been reimbursed at a rate not to exceed $20.00 per day pursuant to Section 3107(1)(c) of the Michigan No-Fault Act.

5.) All interest charges that would have been owed or owing pursuant to Section 3142 of the Michigan No-Fault Act.

6.) All reasonable attorney fees which may have been payable as a result of representation on behalf of David Simmons in obtaining benefits allegedly owed as a result of the above mentioned accident.

7.) All other forms of economic loss as defined in Section 3101 et seq. of the Michigan No-Fault Act, or otherwise, resulting from the above mentioned accident, more fully described in the matter of David Simmons v. State Farm Mutual Automobile Insurance Company, United States District Court for the Eastern District of Michigan Case No. 2:10-cv-11857.

8.) All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators under the Uniform Fair Trade Practices Act or the Michigan Consumer Protection Act.

9.) All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators for fraudulent misrepresentation.

**IT IS FURTHER EXPRESSLY AGREED** that any and all past, present and future replacement service expenses and attendant care services are the sole responsibility of David Simmons. Additionally any and all past, present and future medical expenses, not excluded herein are the sole responsibility of David Simmons. I further agree that I will indemnify and/or hold harmless State Farm Mutual Automobile Insurance Company of and from any and all claims and/or judgments asserted or to be asserted against State Farm Mutual Automobile Insurance Company by any provider of replacement services, attendant care services, by any health care or other medical treatment provider, including Medicaid and/or Medicare, or any other person or entity for unpaid bills or invoices of any type arising out of the injuries sustained by me in connection with the above mentioned accident, except with respect to those future medical expense benefits excluded herein.

**IT IS FURTHER UNDERSTOOD** that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

**IT IS AGREED** that this settlement is a compromise of a disputed claim or claims and that any payments made hereunder are not to be construed as an admission of liability or indebtedness on the part of State Farm Mutual Automobile Insurance Company by whom all liability or indebtedness is expressly

2

:ion hereof shall

may accrue as a
:higan No-Fault

and Agreement

l understands

—

# EXHIBIT "C"

**DAVID SIMMONS**

**AFFIDAVIT AND PERMANENT RELEASE OF ALL ATTORNEY SERVICES**

CASE No. **2:10-cv-11857**

I David Simmons, being of lawful age and capacity, hereby release and/or free the Law Offices' of Attorney Carl Collins III, of their duties as agreed to by myself, from any and all representations, agreements, entered into by David Simmons, its counsels, heirs, agents', executors, administrators, and assigns, and forever foreclose any Client/Attorney relationship between parties hereto, as of this 25th day of August, 2011. For service which was in-fact not in the best interest of David Simmons, therefore I, explicitly reserve all rights to represent myself, pursuant to this Litigation at hand, and shall pay to the Law Offices of Carl Collins III, that which is lawfully owed, upon settlement from Defendants, in this cause of action.

**SWORN BEFORE ME** *in the City of Detroit, in the Province of Michigan This 25th day of August, 2011*

By: _____
Pro Per
*All rights' explicitly reserved*

**DAVID SIMMONS**

**AFFIDAVIT AND PERMANENT RELEASE OF ALL ATTORNEY SERVICES**

CASE No. 2:10-cv-11857

I David Simmons, being of lawful age and capacity, hereby release and/or free the Law Offices of Attorney Carl Collins III, of their duties as agreed to by myself, from any and all representations, agreements, entered into by David Simmons, its counsels, heirs, agents', executors, administrators, and assigns, and forever foreclose any Client/Attorney relationship between parties hereto, as of this 25th day of August, 2011. For service which was in-fact not in the best interest of David Simmons, therefore I explicitly reserve all rights to represent myself, pursuant to this Litigation at hand, and shall pay to the Law Offices of Carl Collins III, that which is lawfully owed, upon settlement from Defendants, in this cause of action

SWORN BEFORE ME in the City of Detroit, in the Province of Michigan
*This 25th day of August, 2011*

MY COMMISSION ... 2012
ACTING IN THE COUNTY ...

By: ______________________
Pro Per

All rights explicitly reserved