UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SIMMONS,

        Plaintiff,

vs.

STATE FARM INSURANCE COMPANY,

        Defendant.

Case No.  2:10-cv-11857
Honorable Bernard A. Friedman

PROOF OF SERVICE

THE UNDERSIGNED CERTIFIES THAT THE FOREGOING INSTRUMENT WAS SERVED UPON ALL PARTIES TO THE ABOVE CAUSE TO EACH OF THE ATTORNEYS OF RECORD HEREIN AT THEIR RESPECTIVE ADDRESSES DISCLOSED IN THE PLEADINGS ON____August 29, 2011_____, BY:

  X___U.S. MAIL              _____FAX
  _____HAND DELIVERY     _____EXPRESS MAIL
  _____FEDERAL EXPRESS   X___OTHER (E-FILED)

SIGNATURE_____
              Tina M. Ruhlman

| | |
|---|---|
| CARL COLLINS, III (P55982)<br>Attorney for Plaintiff<br>18100 Meyers<br>Suite 392<br>Detroit, MI 48235<br>(313) 341-4100 | SECREST WARDLE<br>NATHAN J. EDMONDS (P51453)<br>KIMBERLY A. CARMACK (P60187)<br>Attorney for Defendant<br>94 Macomb Place<br>Mt. Clemens, MI  48043<br>(586) 465-7180<br>(586) 465-0673 (Fax) |

---

## DEFENDANT'S EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT

    NOW COMES Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE, by and through its attorneys, *Secrest Wardle*, by Nathan J. Edmonds and Kimberly A. Carmack, and for its Emergency Motion to Enforce Settlement Agreement states as follows:

1.    That on or about April 26, 2010, Plaintiff, acting *In Pro Per*, filed his Complaint and Demand for Jury Trial against State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), which matter was removed to the United States District Court for the Eastern District of Michigan and assigned to the Honorable Bernard A. Friedman. (See Complaint, attached as **Exhibit A**).

2.    That Plaintiff's Complaint sought damages for breach of contract relative to Plaintiff's claim for allegedly overdue personal protection insurance (PIP) benefits against State Farm, as

assignee of the Michigan Assigned Claims Facility as well as a judgment ordering Defendant to pay $50.00 per hour for lifetime attendant care benefits beginning May 4, 2009. Plaintiff's Complaint also sought damages for fraudulent misrepresentation relative to Plaintiff's claim for fraudulent misrepresentation and violation of Uniform Trade Practices Act codified as MCL §500.2001 et. seq. Plaintiff sought damages in the amount of $219,000 to $1 Million. (See Complaint, attached as **Exhibit A**).

3.    That Plaintiff's alleged attendant care provider, Physicians Urgent Attendant Care and Plaintiff's alleged transportation company, Timely Transportation filed a direct action against State Farm, which matter is presently pending in the Wayne County Circuit Court, Case No. 10-008908 CK, and therefore, Plaintiff is not entitled to seek attendant care and transportation benefits provided to or on his behalf by said entities.

4.    That Plaintiff's alleged orthopedic surgeons, Macomb Orthopedic Surgeons and Mendelson Orthopedics, P.C., filed a direct action against State Farm, which matter has been dismissed with prejudice in the 37th Judicial District Court of Michigan, and therefore, Plaintiff is not entitled to seek medical expense benefits provided to or on his behalf by said entities. (See 37th District Court Dismissal Order, attached as **Exhibit B**).

5.    That the parties appeared for a settlement conference before the Magistrate Mark A. Randon on or about May 23, 2011, at which time, the Court was apprised of the parties' positions and was able to review Defendant's surveillance video of Plaintiff relative to this matter.

6.    That at the time of the settlement conference, Defendant asserted that based upon Plaintiff's deposition testimony, Plaintiff, *In Pro Per*, could not establish claims for fraudulent misrepresentation and he could not even articulate what the Uniform Trade Practices Act was, and therefore, could not establish a claim. Additionally, Plaintiff was unable to

substantiate his wage loss claim, his replacement care services claim, his attendant care claim and did not know what medical expense benefits were alleged to be outstanding.

7. That following the May 23, 2011, Plaintiff retained the Law Offices of Carl Collins III, to represent him in the instant lawsuit.

8. That a Pretrial Conference was scheduled for August 23, 2011, and in advance of the same, Plaintiff, by and through his counsel, filed his contribution to the Joint Final Pretrial Order, in which Plaintiff alleged damages in the amount of $28,799.00 exclusive of statutory interest and attorney fees but inclusive of medical expense benefits by "Macomb Orthopedic", which benefits Plaintiff was prohibited from claiming due as the same were the subject of a direct action lawsuit and dismissed as set forth above.  (See Plaintiff's Proposed Supplement to Joint Final Pretrial, attached as **Exhibit C**).

9. That the specific damages alleged by Plaintiff pursuant to his contribution to the Joint Final Pretrial Order suggest that Plaintiff's claim (initially requesting $1Million per his Complaint) was in some respect fraudulent or so excessive as to have no reasonable foundation pursuant to MCL §500.3148(2).

10. That the parties, accompanied by counsel, appeared at a Pretrial Conference on August 23, 2011.

11. That based upon the foregoing, at the time of the August 23, 2011 Pretrial Conference negotiations ensued and the parties agreed upon a fair and reasonable settlement in the amount $17,000.00 which included release of all PIP benefits to date and all future PIP benefits except medical treatment (not including future attendant care and transportation which was fully released) for Plaintiff's right ankle. The parties, with consultation from their respective counsel, agreed to the language of the Release of Claims and the only detail that remained was for the language to be typed and final form and executed by Plaintiff before a

3

notary public no later than Thursday, August 25, 2011 at 4:00 p.m. pursuant to instruction by the Court. (See Release of Claims, attached as **Exhibit D**).

12.   That Plaintiff, with the assistance of counsel, agreed to settlement of this matter on the record in open court before the Honorable Bernard A. Friedman. Plaintiff agreed to the terms of the "Release of Claim", a copy of which was provided to the parties and the Court. (See Release of Claims, attached as **Exhibit E**).

13.   That Plaintiff acknowledged on the record in open court that he was entering into the settlement freely and voluntarily.

14.   That Plaintiff acknowledged on the record in open court that he understood the terms of the settlement agreement and that he had read and consented to the terms of the "Release of Claims."

15.   That Plaintiff acknowledged on the record in open court that he was aware that it was a full and final settlement and that if the matter proceeded to trial he may get more money, less money or no money at all.

16.   That Plaintiff acknowledged on the record in open court that he was satisfied with the representation that he had received.

17.   That authority for a United States District Court's entry of final judgment incorporating the terms of a pre-trial settlement agreement "is in the nature of a judgment by consent." Kulka v. National Distillers Products Co., 483 F. 2d 619, 621 (6th Cir. 1973). (Citing All States Investors, Inc. v. Bankers Bond Co., 343 F.2d 618, 625 (6th Cir.), cert. denied, authorized under what has been consistently recognized as the trial court's "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." Cia Anon Venezolana De Navegacion v. Harris, 374 F. 2d 33, 36 (5th Cir. 1967). *See also* Massachusetts Casualty Insurance Co. v. Forman, 469 F.2d 259, 260 (5th Cir. 1972); Autera

v. Robinson, 136 U.S.App.D.C. 216, 419 F.2d 1197, 1200 (1969); Kelly v. Greer, 365 F.2d 669, 671 (3d Cir. 1966), cert. denied, 385 U.S. 1035, 87 S.Ct. 772, 17 L.Ed.2d 682 (1967); Cummins Diesel Michigan, Inc. v. The Falcon, 305 F.2d 721, 723 (7th Cir. 1962).

18. That pursuant to the Court's instruction, Plaintiff was required to sign the finalized typed copy of the "Release of Claims" (which was agreed to at the time of the August 23, 2011, Pretrial Conference and which was consented to upon the record in open court) by Thursday, August 25, 2011 at 4:00 p.m.

19. That Defendant provided Plaintiff, by and through his counsel, the finalized copy of "Release of Claims on August 24, 2011. (See Finalized Release of Claims, attached as **Exhibit E**).

20. That this Honorable Court entered an Order of Dismissal With Prejudice and Without Costs relative to this matter following the Pretrial Conference on August 23, 2011 at which time the terms of settlement between the parties was placed upon the record in open court. (See, Order of Dismissal, attached as **Exhibit F**).

21. That Defendant did not receive from Plaintiff, the executed "Release of Claims" by 4:00 p.m. on August 25, 2011.

22. That on August 26, 2011, Defendant, by and through counsel, contact Plaintiff, by and through counsel and was advised that Plaintiff refused to sign the finalized "Release of Claims" as instructed by the Court and was attempting to rescind his settlement of the matter.

23. That thereafter on August 26, 2011, Defendant received an Affidavit of David Simons (hereinafter "Affidavit") dated August 25, 2011, in which he indicated that he does not want to settle and/or dismiss this case and does not release any claims. (See Affidavit, attached as **Exhibit G**).

5

24. That at the time Plaintiff executed his Affidavit, this matter was already dismissed and settlement of his claims had already been effectuated. (See, Order of Dismissal, attached as **Exhibit F**).

25. That Plaintiff's claim that settlement of this matter was against his will and under duress are completely without merit as settlement of this matter was negotiated with the assistance of the Honorable Bernard A. Friedman, the assistance of counsel, Plaintiff had an opportunity to personally participate and did participate in the settlement negotiations, and Plaintiff being of sound mind and body did indicate his desire on the record in open court to settle the matter pursuant to the aforementioned terms freely and voluntarily.

26. That justice does not allow Plaintiff to rescind a settlement which was voluntarily and freely entered into by Plaintiff on the record in open court nor does justice allow a matter dismissed with prejudice and without costs to any party to be set aside.

27. That Defendant would be severely prejudiced if Plaintiff were permitted to rescind the settlement agreement and should the order of dismissal by set aside, for reasons including that Defendant had scheduled the De Bene Esse Depositions of its experts and was prepared to proceed to trial as scheduled in this matter, but did forego the taking of said depositions and preparation for trial in this matter based upon the settlement agreement reached as set forth on the record in open court.

WHEREFORE, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY respectfully requests this Honorable Court enter an Order compelling Plaintiff to execute the "Release of Claims" pursuant to the settlement agreement placed upon the record on August 23, 2011 or in the alternative, enter an Order which states that this matter is settled and that Plaintiff's claims are released in accordance with the specific language set forth in the "Release of Claims." Defendant further requests that this Honorable Court enter an Order denying Plaintiff's

request, if any, that the order of dismissal be set aside and Defendant requests that this Honorable Court award Defendant costs and attorney fees so wrongfully sustained by the necessity of the instant motion.

***SECREST WARDLE***

By:___/s/ Kimberly A. Carmack_____
           NATHAN J. EDMONDS (P51453)
           KIMBERLY. A. CARMACK (P60178)
           Attorneys for Defendant
           94 Macomb Place
           Mt. Clemens, MI 48043-5651
           (586) 465-7180

Dated: August 29, 2011

**BRIEF IN SUPPORT OF MOTION**

NOW COMES Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE, by and through its attorneys, *Secrest Wardle*, by Nathan J. Edmonds and Kimberly A. Carmack, and submits the following Brief in Support of its Emergency Motion to Enforce Settlement Agreement. Plaintiff, David Simmons, *In Pro Per*, filed a Complaint against Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") in the Wayne County Circuit Court on or about April 26, 2010. Plaintiff's Complaint sought damages for breach of contract relative to Plaintiff's claim for allegedly overdue personal protection insurance (PIP) benefits against State Farm, as assignee of the Michigan Assigned Claims Facility as well as a judgment ordering Defendant to pay $50.00 per hour for lifetime attendant care benefits beginning May 4, 2009. Plaintiff's Complaint also sought damages for fraudulent misrepresentation relative to Plaintiff's claim for fraudulent misrepresentation and violation of Uniform Trade Practices Act codified as MCL §500.2001 et. seq. Plaintiff sought damages in the amount of $219,000 to $1 Million. (See Complaint, attached as **Exhibit A**). Plaintiff's Complaint alleged that he was entitled to the entire gamut of PIP benefits as a result of the accident. (See Complaint, attached as **Exhibit A**). However,

7

the reality was that Plaintiff could not substantiate a wage loss claim because he was unemployed at the time of the accident and had not paid taxes for years. Additionally, Plaintiff's alleged attendant care provider, Physicians Urgent Attendant Care and Plaintiff's alleged transportation company, Timely Transportation filed a direct action against State Farm, which matter is presently pending in the Wayne County Circuit Court, Case No. 10-008908 CK. Therefore, Plaintiff is not entitled to seek attendant care and transportation benefits provided to or on his behalf by said entities. Plaintiff's Complaint alleges that he is entitled to replace care service benefits but surveillance video evidence shows him engaged in activities contrary to his assertion that he requires such benefits. Further, Plaintiff claims payment for medical expense benefits to various providers, many of which were already paid. Plaintiff's alleged orthopedic surgeons, Macomb Orthopedic Surgeons and Mendelson Orthopedics, P.C., filed a direct action against State Farm, which matter has been dismissed with prejudice in the 37th Judicial District Court of Michigan. Therefore, Plaintiff is not entitled to seek medical expense benefits provided to or on his behalf by said entities. (See 37th District Court Dismissal Order, attached as **Exhibit B**).

The parties appeared for a settlement conference before Magistrate Mark A. Randon on or about May 23, 2011, at which time, the Court was apprised of the parties' positions and was able to review Defendant's surveillance video of Plaintiff relative to this matter. Additionally, at the time of the settlement conference, Defendant asserted that based upon Plaintiff's deposition testimony, Plaintiff, *In Pro Per*, could not establish claims for fraudulent misrepresentation and he could not even articulate what the Uniform Trade Practices Act was, and therefore, could not establish a claim. Plaintiff was unable to substantiate his wage loss claim, his replacement care services claim, his attendant care claim and did not know what medical expense benefits were alleged to be outstanding.

Subsequent to the May 23, 2011 settlement conference, Plaintiff retained captioned counsel in this matter. A Pretrial Conference was scheduled for August 23, 2011, and in advance of the

8

same, Plaintiff, by and through his counsel, filed his contribution to the Joint Final Pretrial Order, in which Plaintiff alleged damages in the amount of $28,799.00 exclusive of statutory interest and attorney fees but inclusive of medical expense benefits by "Macomb Orthopedic", which benefits Plaintiff was prohibited from claiming due as the same were the subject a direct action lawsuit and dismissed as set forth above. (See Plaintiff's Proposed Supplement to Joint Final Pretrial, attached as **Exhibit C**). The specific damages alleged by Plaintiff pursuant to his contribution to the Joint Final Pretrial Order suggest that Plaintiff's claim (initially requesting $1Million per his Complaint) was in some respect fraudulent or so excessive as to have no reasonable foundation pursuant to MCL §500.3148(2). The parties, accompanied by counsel, appeared at a Pretrial Conference on August 23, 2011 at which time settlement negotiations ensued with the assistance of the Honorable Bernard A. Friedman.

The parties agreed upon a fair and reasonable settlement in the amount $17,000.00 which included release of all PIP benefits to date and all future PIP benefits except medical treatment (not including future attendant care and transportation which was fully released) for Plaintiff's right ankle. The parties, with consultation from their respective counsel, agreed to the language of the Release of Claims and the only detail that remained was for the language to be typed and final form and executed by Plaintiff before a notary public no later than Thursday, August 25, 2011 at 4:00 p.m. pursuant to instruction by the Court. (See Release of Claims, attached as **Exhibit D**). Plaintiff agreed to settlement of this matter on the record in open court before the Honorable Bernard A. Friedman and Plaintiff agreed to the terms of the "Release of Claims", a copy of which was provided to the parties and the Court. (See Release of Claims, attached as **Exhibit D**). Additionally, Plaintiff acknowledged on the record in open court that he was entering into the settlement freely and voluntarily; that he understood the terms of the settlement agreement and that he had read and consented to the terms of the "Release of Claims"; that he was aware that it was a full and final

9

settlement and that if the matter proceeded to trial he may get more money, less money or no money at all, and; that he was satisfied with the representation that he had received.

Pursuant to the Court's instruction, Plaintiff was required to sign the finalized typed copy of the "Release of Claims" (which was agreed to at the time the August 23, 2011, Pretrial Conference and which was consented to upon the record in open court) by Thursday, August 25, 2011 at 4:00 p.m. Defendant complied with the Court's instruction by providing Plaintiff with the finalized copy of "Release of Claims on August 24, 2011. (See Finalized Release of Claims, attached as **Exhibit E**). Defendant did not receive from Plaintiff, the executed "Release of Claims" by 4:00 p.m. on August 25, 2011 and on August 26, 2011, Defendant, by and through counsel, contact Plaintiff, by and through counsel and was advised that Plaintiff refused to sign the finalized "Release of Claims" as instructed by the Court and was attempting to rescind his settlement of the matter.

<u>Legal Analysis</u>

Authority for a United States District Court's entry of final judgment incorporating the terms of a pre-trial settlement agreement "is in the nature of a judgment by consent." <u>Kulka v. National Distillers Products Co.</u>, 483 F. 2d 619, 621 (6th Cir. 1973). (Citing <u>All States Investors, Inc. v. Bankers Bond Co.</u>, 343 F.2d 618, 625 (6th Cir.), cert. denied, authorized under what has been consistently recognized as the trial court's "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." <u>Cia Anon Venezolana De Navegacion v. Harris</u>, 374 F. 2d 33, 36 (5th Cir. 1967). <i>See also</i> <u>Massachusetts Casualty Insurance Co. v. Forman</u>, 469 F.2d 259, 260 (5th Cir. 1972); <u>Autera v. Robinson</u>, 136 U.S.App.D.C. 216, 419 F.2d 1197, 1200 (1969); Kelly v. Greer, 365 F.2d 669, 671 (3d Cir. 1966), cert. denied, 385 U.S. 1035, 87 S.Ct. 772, 17 L.Ed.2d 682 (1967); <u>Cummins Diesel Michigan, Inc. v. The Falcon</u>, 305 F.2d 721, 723 (7th Cir. 1962).

This Honorable Court entered an Order of Dismissal with prejudice and without costs relative to this matter following the Pretrial Conference on August 23, 2011 at which time the terms of settlement between the parties was placed upon the record in open court. (See, Order of Dismissal, attached as **Exhibit G**). Thereafter on August 26, 2011, Defendant received an Affidavit of David Simons (hereinafter "Affidavit") dated August 25, 2011, in which he indicated that he does not want to settle and/or dismiss this case and does not release any claims. (See Affidavit, attached as **Exhibit H**). At the time Plaintiff executed his Affidavit, this matter was already dismissed and settlement of his claims had already been effectuated. (See, Order of Dismissal, attached as **Exhibit G**).

Plaintiff's claim that settlement of this matter was against his will and under duress are completely without merit as settlement of this matter was negotiated with the assistance of the Honorable Bernard A. Friedman, the assistance of counsel, Plaintiff had an opportunity to personally participate and did participate in the settlement negotiations, and Plaintiff being of sound mind and body did indicate his desire on the record in open court to settle the matter pursuant to the aforementioned terms freely and voluntarily. Justice does not allow Plaintiff to rescind a settlement which was voluntarily and freely entered into by him on the record in open court nor does justice allow a matter dismissed with prejudice to be set aside. "Once [the] litigation is dismissed with prejudice, it cannot be resumed in this or any subsequent action." Deakins v. Monaghan, 484 U.S. 193, 201 fn. 4, 108 S.Ct 523 (1988). The law does not allow for reinstatement of matters dismissed with prejudice and Defendant would be severely prejudiced if Plaintiff were permitted to set aside the order of dismissal. Defendant had scheduled the De Bene Esse Depositions of its experts and was prepared to proceed to trial as scheduled in this matter, but did forego the taking of said depositions and preparation for trial in this matter based upon the settlement agreement reached as set forth on the record in open court. Further, Plaintiff has no legitimate basis in law or in fact for

attempting to avoid the settlement that he freely and voluntarily entered into nor does he have any legitimate basis in law or in fact as to why this Court should set aside the Order of Dismissal.

WHEREFORE, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY respectfully requests this Honorable Court enter an Order compelling Plaintiff to execute the "Release of Claims" pursuant to the settlement agreement placed upon the record on August 23, 2011 or in the alternative, enter an Order which states that this matter is settled and that Plaintiff's claims are released in accordance with the specific language set forth in the "Release of Claims." Defendant further requests that this Honorable Court enter an Order denying Plaintiff's request, if any, that the order of dismissal be set aside and Defendant requests that this Honorable Court award Defendant costs and attorney fees so wrongfully sustained by the necessity of the instant motion.

*SECREST WARDLE*

By:   /s/ Kimberly A. Carmack
      NATHAN J. EDMONDS (P51453)
      KIMBERLY. A. CARMACK (P60178)
      Attorneys for Defendant
      94 Macomb Place
      Mt. Clemens, MI  48043-5651
      (586) 465-7180

Dated: August 29, 2011

12

# Exhibit A

SF Fax Server   2:10-cv-11857-BAF-MAR   Doc # 21   Filed 05/28/2010   Apr 28 2010 04:33pm   35   Pg ID 6   Fax Server

JURY FEE PAID
THIS DATE:
BY: APR 26 2010

## STATE OF MICHIGAN
### IN THE THIRD CIRCUIT COURT FOR THE COUNTY WAYNE

David Simmons,

**Plaintiff**

Vs.

State Farms Insurance Company

**Defendant**

SIMMONS, DAVID v STATE FARMS INSU   04/26/2010
Hon. Susan D. Borman

10-004786-NF

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

1.   Plaintiff, David Simmons' is a resident of the City of Detroit, County of

Wayne, State of Michigan.

2.   The amount in controversy exceed an amount greater than $25,000.00.

### Count 1
Breach of Performance /Contract and violations of the Michigan No- Fault Act

3.   Plaintiff repeats and realleges the allegations contained in 1-2 herein.

4.   On or about April 26, 2009, Plaintiff David Simmons, a pedestrian with no

Automobile insurance coverage, was exiting a convenient store / liquor store, talking to a relative on his cell phone, and was struck, by an alleged uninsured motorist, who was drunk. The uninsured motorist caused Plaintiff to be physically pinned between a liquor store wall and her bumper, causing Plaintiff, to sustain serious, disabling, and catastrophic personal injuries to Plaintiff, to wit:

    a. Multiple fractures

    b. Traumatic brain injury

    c. Permanent ambulatory limitations

    d. Other physical injuries to be borne through discovery.

5. Plaintiff asserts that, the Defendant became responsible for Plaintiff' s "PIP" benefits by reason that, plaintiff was an uninsured pedestrian, who was injured in a motor vehicle accident, which require reimbursements for the cost , including but not limited to the following:

    a. Medical Transportation

    b. Attendant care

    c. Medical bills, expenses for care, recovery and rehabilitation

    d. Household replacement services

    e. Case management services

    f. Other PIP benefits in accordance with the below provisions.

2

6.   Plaintiff was assigned a claim number which is 22K359924. MCL

500.3101 et seq. *[Provided by and through Assign Claims.].*

7.   On or around May of 2009, Plaintiff was provided with attendant care

services, and household replacement services, which the Defendant State Farms,

subsequently has either stopped and/or refused to pay, in violation of Michigan No-Fault

Act.

8.   Plaintiff, David Simmons' is entitled to receive (PIP) benefits. Plaintiff,

alleges the Defendant "refused" to pay benefits to which he is entitled under the

no-fault act.

9.   The Defendant failed the perform under the provisions set forth in the

Michigan No-Fault Act. Specifically, the Defendant is in violation of the Michigan

No-Fault Act, MCL 500.3142(1)(2),(3), which states,

    (1)  *"Personal protection insurance benefits are payable as loss
       accrues".*

    (2)  States in whole, *"Personal protection insurance benefits are
       overdue if not paid within 30 days after an insurer reasonable
       proof of the fact and of the amount of loss sustained. If reasonable
       proof is not supplied as to the entire claim, the amount supported by
       reasonable proof is overdue if not paid within 30 days after the proof
       is received by the insurer. Any part of the remainder of the claim that is
       later supported by reasonable proof is received by the insurer. For the
       purpose of calculating the extent to which benefits are overdue, payment
       shall be treated as made on the date a draft or other valid instrument
       was placed in the United States Mail in a properly addressed, postpaid
       envelope, or, if not so posted, on the date of delivery".*

2:10-cv-11857-BAF-MAR   Doc # 25   Filed 08/29/11   Pg 17 of 47   Pg ID 224

2:10-cv-11857-BAF-MAR   Doc # 23   Filed 08/26/11   Pg 11 of 23   Pg ID 168

SF Fax Server   64   Received BAF-MAR   Doc # 2   Filed 05 May 28 2010 04:34 pm   35   Pg ID 9
                      04/20/2010   4:30:24 PM   PAGE   7/048   Fax Server

(3) *"An overdue payment bears simple interest at the rate of 12% per annum".*

10.   Plaintiff met the requirement set forth under the Michigan No- fault Act
and complied with the  provision in  MCL 500.3151.  Specifically:

A).   On or about March, 2009, Plaintiff submitted to an Independent
Medical Examination (I.M.E.), which was his First initial
Examination, scheduled For  March 07, 2010,  time 9:00 am, at a
Orthopedic Surgeon, provide through State Farms Insurance (I.M.E.).

B)    On  March 14, 2010, time 9:15 am, at same facility
Neuropsychologist, (first copy of I.M.E. attached Exhibit 1)
(second copy of I.M.E. attached  Exhibit 2).

11.    Plaintiff requested a certified copy of both the (I.M.E.'s ), but has not
received said documents as of to date. The defendant and/or agent attempted to hindering
the retrieval of certified document in order for plaintiff  to meeting the provision , as
Mandated in § 544(a), which States: that payment shall be made after the insurer
receives "satisfactory proof" of the claim.  *[Id. at 192 – 194.]* . The defendants
repeatedly denied received plaintiff's Forms

12.    On or about July, 2009, the Attendant Care Services and Replacement
Services Forms, which was the forms given to plaintiff by the defendant, and were
mailed by RN, Suzzie Sene (Attendant Care Service provider), to Defendant, State Farms
Insurance Compliant to the provisions, as Mandated in § 544(a), which States: that
payment shall be made after the insurer receives "satisfactory proof" of the claim.

7.   On or about 05/24/2011, the Settlement conference, Attorney Nathan J. Edmonds, and
Magistrate: Mark A. Randon, informed me that STATE FARMS MUTUAL AUTOMOBILE
INSURANCE COMPANY, had compelling information that I committed fraud, and that they had
compelling video of me working, and that it would not be in my interest to continue to pursue
said allegations set forth in initial complaint, and that I should retain an attorney.

8.   I in-fact contact Carl Collins office, to represent me in regards to this suit at hand, not because of
any type of fraud on my behalf,  yet the pain in my body was great from the catastrophic
automobile accident, and at that time I was unable to represent myself, believing that the Law
firm of Carl Collins III, would handle this matter in a skillful manner.

9.   On or about 08/23/2011, I was informed through counsel that there was not any evidence, to
continue to pursue these claims, when STATE FARMS MUTUAL AUTOMOBILE
INSURANCE COMPANY, was going to pay, if I agreed to their terms and conditions.

10. On or about June 17, 2011, my beloved Mother passed away, from heart failure, I David
Simmons in-fact became was depressed, and fell into a greater depression, due to this
Catastrophic automobile accident, unable to assist like I use to due to this accident, and the
sudden death of my mother, was too much for me to bear, and could not remember much of the
Original Complaint, due to short term memory loss, and chronic pain.

11. On or about 08/22/2011, I David Simmons received a call from Attorney Carl Collins III, to
remind me of a pretrial scheduled for 08/23/2011, and that I had to be there at the UNITED
STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION.
TIME 1:00pm, in Honorable Bernard A. Freidman chambers.

12. On or about 08/23/2011, time about 10:00am, I David Simmons, contact the law office of Carl
Collins III, to inform them of my situation that I was encountering and that I,  could not make it
to the Pre-Trial mentioned in the foregoing paragraph(11), and location, due to the great pain that
I was enduring in my body, within the course of that early morning.

13. I David Simmons, was informed, by and through counsel that I had to be there, and that if I did
not show that my case would be possibly dismissed, and that I should settle the case.

14. I did in-fact appeared as scheduled, and the Honorable Judge: Bernard A. Friedman, had to take
care of a more urgent matter at hand, yet I patiently waited and enduring the chronic pain that I
was dealing with, and counsel, continually being persistent in settling the case, and wanting to
leave no sooner than I arrived, and in a state of depression finally, agreed and yet under duress,
stress, depression, and Chronic pain, and cohersion,  I gave up.

15. And therefore agreed to said request against my will, to settle so that I could leave and deal
directly with the Chronic pain that I was painfully enduring.

16. On or about 08/24/2011, I David Simmons, contact counsel that I did not want to settle, and/or
dismiss this case, after I was able to read the RELEASE OF CLAIM, Exhibit "B" and the
stipulations, which is totally contrary to my Original Complaint, and therefore do not RELEASE
ANY CLAIMS, arising out of the ORIGINAL Complaint in its entirety., as Exhibit "A",  Also
SEE:  David Simmons, Affidavit and Permanent Release of All Attorney Services,
as Exhibit "C"

SWORN BEFORE ME in the City of Detroit, in the Province of Michigan
This 25th day of ~~August 2011~~

By: *David Simmons*

ANSAR TAHATAN-MAAT EL
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
MY COMMISSION EXPIRES OCT. 10, 2012
ACTING IN THE COUNTY OF WAYNE

*Ansar T. Maat El*

3





IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETWEEN:

DAVID SIMMONS

AND:                                                                PETITIONER

STATE FARMS MUTUAL AUTOMOBILE
INSURANCE COMPANY

                                                                    RESPONDENT

---

AFFIDAVIT OF DAVID SIMMONS

---

David Simmons
6026 Central
Detroit, MI 48210

4

# EXHIBIT "A"

SF Fax Server   2:10-cv-11857-BAF-MAR   Doc # 1   Filed 05/07/10   Pg 10 of 35   Pg ID 10

*[Id. at 192 – 194.]* .

13.   Plaintiff asserts that he labored as a truck driver, and lay in despair, that he is in fact unable to work, since he sustain serious, disabling, catastrophic , personal injuries to his body.  And therefore, has been unemployed, from the time of said Automobile accident, and continues to maintain the same status.

14.   Plaintiff was informed by State Farm, to meet with their insurance adjuster ( Renea Campau) on or about July ,2010, pursuant to the Scheduled date made by the law firm for plaintiff's third party claim, to discuss Plaintiff "PIP" benefits .

15.   The Insurance adjuster from State Farm, stated that plaintiff met the requirements, and  was eligible  for PIP benefits,  which included:

        A)  Attendant Care Services,
        B)  Replacement Services,
        C)  Transportation Services,
        D)  Medical Services,

16.   The Defendants failed to perform as agreed and pursuant to entitlements set forth under the Michigan No- Fault Act. Specifically, the insurance adjuster stated that Plaintiff would receive his benefits no later than four (4) weeks after the meeting.

17   As of this date, Plaintiff has yet to receive, any Replacement Service benefits, or Attendant Care Services Benefits that the defendant, State farms Insurance adjuster promised to pay.

18.   State farms Insurance adjusters, makes unreasonable assertions that

Plaintiff's claim is under Investigation, but Plaintiff is in contentions that his claim has been under Investigation since its Conception.

19.   As a result of defendant violations, plaintiff is entitled to an award for Defendant's Breach of Performance and/ or it obligation, as insurer

Count II
Fraudulent Misrepresentation

20.   Defendants failed to perform under the Michigan No-Fault Act, which provides victims of motor vehicle accidents with Adequate and prompt reparation for certain economic losses." Ibid,p.579.

21.   Plaintiff asserts that the legislature did not intend to give insurers immunity from making fraudulent Statements or actions and has recognized that fraudulent acts should be prohibited.

22.   Plaintiff asserts that MCL 500.2001, of the "Uniform Trade Practices Act" (UTPA) prohibits an insurer such as State Farm, and its employees from making fraudulent statements.   MCL 500.2003. Prohibited Trade Practices; is defined as:

> "Sec. 2003 (1) A person shall not engage in a trade practice which is defined in this Uniform Trade Practices Act or is determined pursuant to this act to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

> (2) `Person' means a person defined in section 114 and

6

includes an agent, solicitor, counselor, or adjuster, but excludes the property and casualty guaranty association.

(3) 'Insurance policy' or Insurance contract' means a contract of Insurance, indemnity Suretyship, or annuity issued or proposed or intended for Issuance by a person engaged in the business of Insurance."

23. The defendant has misrepresented several material facts, in violation of the Uniform Trade Practices Act. Defendant, State Farms Insurance specifically misrepresented that:

    a. Plaintiffs claim is under investigation, and that

    b. I did not need Physician Urgent Attendant Care to perform services for me,

    c. and that if Plaintiff relieved Physician Urgent Attendant Care, that they would tender payment to Plaintiff.

24. Plaintiff asserts under the penalty of perjury that he has not received any payment for the Attendant Care Services, which he has underwent.

25. Since May of 2009, Arnold Collins, has provided Plaintiff, David Simmons with household replacement services, which the defendant has failed to pay.

(copy of replacement services attached Exhibit 3)

26. Defendant has misrepresented a payment date, and ultimately has failed to pay Plaintiff his "PIP" benefits , to which he is entitled to receive, in accordance within the applicable Michigan no-fault provisions set forth in his complaint.

SF Fax Server 01   2:10-cv-11857-BAF-MAR   Doc # 1   Filed 05/08/10   Apr 12 2010 04:34pm 35   Pg ID 13
Received   4/7/2010 4:50:24 PM   PAGE   11/o°8   Fax Server

27.  The Defendants misrepresented that they would pay, at a specified time period:

        A:   attendant care services,

        B:   replacement services,

        C:   partial payment of medical services,

        D:   partial payment of transportation services,

        E:   case management services

28.  Plaintiff has sustained damages as a result of defendant's misrepresentation, and  failure to perform/pay Plaintiff's his "PIP" benefits .

29.  Plaintiff asserts that, the defendants and its unreasonable delay, fraudulent misrepresentation and/or fraudulent concealment of the facts is a result of violations of the provisions of Michigan no- fault laws

30.  The Defendant's failure to pay and unreasonable delay in making entitled Payment to Plaintiff, is contrary to the requirement of the Michigan no-fault Statute, MCL 500.3101 et  seq.

### Remedy Sought

WHEREFORE Plaintiffs prays that a judgment be entered against Defendant, and That the Defendant be ordered to Pay the plaintiff an amount of $50.00 a hour for Lifetime attendant care, starting from May 4th of 2009, to this current date.  A jury's

8

SF Fax Server   04   2:10-cv-11857-BAF-MAR   Doc # 1   Filed 05/07/10   Pg 04:35   Pg ID 14
Received   4/7/2010   4:50:24 PM   PAGE   12/078   Fax Server

determination that $20.00 dollars a day for replacement services is due, and that all

Plaintiff's "PIP" benefits associated within the provision set forth in the Michigan no-

fault Act is to be paid to Plaintiff, with interest, costs, and damages associated with said

claim, totaling the Amount of $219,000.00 at a interest rate of 12% for Attendant care,

and Replacement services staring from May 24, 2009, at $20.00 a day at 12%, to

equaling an amount sustainable from damages, which is $ 1,000,000, 00.00 One million

Dollars in US Currency

Respectfully Submitted,

David L. Simmons

Plaintiffs asserts under the penalty of perjury that the statements of Material Facts

herein, are true accurate and complete, and are not misleading.

Dated this 26 day of April, 2010

# Exhibit B

STATE OF MICHIGAN

IN THE 37th JUDICIAL DISTRICT COURT

MACOMB ORTHOPEDIC SURGEONS &
MENDELSON ORTHOPEDICS, P.C.
(David Simmons),

        Plaintiff,

vs.

                                            Case No: 10-3865GC
STATE FARM MUTUAL AUTOMOBILE        Hon. Jennifer M. Faunce
INSURANCE COMPANY,

        Defendant.

_____/

**BRUCE K. PAZNER (P39913)**        **NATHAN J. EDMONDS P51453**
Attorney for Plaintiff               Attorney for Defendant
15200 East Jefferson, Suite 104     94 Macomb Place
Grosse Pointe Park, MI 48230      Mt. Clemens, MI 48043
(313) 822-2244/FAX: -6097         (586) 465-7180/FAX: -0673

_____/

### STIPULATED ORDER OF DISMISSAL

At a session of said court held in the
City of Warren, County of Macomb, State
of Michigan on  JUN 2 7 2011

PRESENT: HON. _____ JENNIFER M. FAUNCE
DISTRICT COURT JUDGE

**IT IS HEREBY ORDERED** that the above cause of action be dismissed with
prejudice and without costs to any party.

**THIS ORDER RESOLVES THE LAST PENDING CLAIM AND CLOSES
THE CASE.**

_____    _____
                                        DISTRICT COURT JUDGE

**BRUCE K. PAZNER P39913**        **NATHAN J. EDMONDS P51456**
Attorney for Plaintiff               Attorney for Defendant w/per
Pursuant to MCR 2.119(D)(2)(b)     Pursuant to MCR 2.119(D)(2)(b)
Notice and Hearing on Entry of the   Notice and Hearing on Entry of the
above Order is waived.              above Order is waived

Exhibit C

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID SIMMONS,
        Plaintiff

                              Case No.  2:10-cv-11857
                              Honorable Bernard A. Friedman

vs.

STATE FARM INSURANCE COMPANY,
        Defendant.

| | |
|---|---|
| Law Office Of Carl L. Collins, III | Secrest Wardle |
| Carl L. Collins, III (P55982) | Nathan J. Edmonds (P51453) |
| Attorneys for Plaintiff | Attorney for Defendant |
| 18100 Meyers Rd., Ste. 392 | 94 Macomb Place |
| Detroit, MI 48235 | Mt. Clemens, MI  48043 |
| (313) 341-4100 | (586) 465-7180 |
| (313) 340-0469 fax | (586) 465-0673 (Fax) |

### PLAINTIFF'S PROPOSED SUPPLEMENTAL AS TO JOINT PRETRIAL

### FACTS

      The nature of this case arises out of a claim for Michigan no-fault benefits in accordance with the provisions of the No-Fault Insurance Act (No-Fault), MCL 500.3101 *et seq.* On April 26, 2009, Plaintiff, David Simmons was a pedestrian when he was a pedestrian and was struck by a vehicle, which was backing up, causing him to become pinned between a liquor store wall and the bumper of the vehicle.  He was knocked down and had some loss of consciousness, causing him to sustain serious, disabling, and catastrophic personal injuries.

      This accident caused Plaintiff to suffer from multiple injuries including herniated discs in the lumbar spines, headaches; memory loss; and depression.  Plaintiff was immediately treated for the injuries sustained from the automobile accident.  He was taken to a Detroit Hospital after the accident, where he was examined, treated, and released.  He was found to have a fracture in his right ankle and was casted for several

months.  He also reports injury to his lower back and both legs.  He has not had any surgeries.

The injuries suffered by Mr. Simmons resulted in necessary and reasonable medical expenses, as well as other expenses compensable under Michigan No-Fault Law.  The Defendant has refused to pay and/or wrongfully stopped paying Plaintiff's PIP benefits.  Defendant is responsible to Plaintiff for all unpaid No-Fault benefits including but not limited to medical expenses and replacement services expenses.  Since the Defendant failed to pay Plaintiff's PIP benefits, Mr. Simmons further contends that he is entitled to statutory penalty interest and attorney fees.

## ISSUES OF FACT REMAINING TO BE LITIGATED:
1. Whether treatment was reasonable and necessary.
2. Whether treatment was related to the injuries
3. Whether Plaintiff is entitled to certain claimed no-fault benefits.
4. Whether Defendant committed fraudulent misrepresentations pursuant to MCL §500.2001, (Uniform Trade Practices Act)

## ISSUES OF LAW TO BE LITIGATED:

N/A

## EVIDENCE PROBLEMS LIKELY TO ARISE AT TRIAL:

Defendant's may seek to introduce vide evidence which it has refused to disclosed to Plaintiff during the course of discovery and has yet to produce the same to date.  Plaintiff contends that any references to the existence of a video or the contents thereof be excluded from the jury.  Further, Plaintiff expects that the parties will come to an agreement regarding the admissibility of records without the need to present the testimony of records custodians.

## PLAINTIFF'S WITNESSES:

1. Plaintiff David Simmons
2. Renea Campeau
3. Jyotika E. Simmons
4. Sunsi
5. Arnold Collins

2

6.  Custodian of Records for the following;
   a.  Rehab Alliance
   b.  Detroit medical Center
   c.  Macomb Orthopedic
   d.  Michigan Orthopedic
   e.  Dr. Richard Weiss, Forest Park Clinic
   f.  Associated Chiropractic Clinics
   g.  Dr. Gabriel Sonse of Kresge Eye Institute
   h.  East Pointe radiology
7.  Defendant's claims adjuster

**Experts**

8.  Dr. Flora Dean, via de benne esse trial deposition
9.  Dr. Clifford Furgison, via de benne esse trial deposition
10. Dr. Zachary Endress, via de benne esse trial deposition
11. Dr. Richard Weiss
12. Dr. Michael Draplin
13. Dr. Gabriel Sonse

Plaintiffs' reserves the right to call all necessary rebuttal witnesses.

**PLAINTIFF'S EXHIBITS**

P-1:   Records from the following Medical Facilities
   a.  Rehab Alliance
   b.  Detroit medical Center
   c.  Macomb Orthopedic
   d.  Michigan Orthopedic
   e.  Dr. Richard Weiss, Forest Park Clinic
   f.  Associated Chiropractic Clinics
   g.  Dr. Gabriel Sonse of Kresge Eye Institute
   h.  East Pointe Radiology

P-2:   MRI Records
P-3:   Deposition Transcript of Plaintiff
P-4:   Location of the accident

P-5:    Defendant's Response to Interrogatories.

P-6:    EMS Record

P-7:    Defendant Care and Replacement Services Logs and Prescriptions for the same

P-8:    Defendants' Depositions

P-9:    Medical Records: Any and all records from any health care professional and/or health care provider involved in the care, treatment, therapy, diagnosis, testing, evaluation, or assessment of the plaintiff, including any independent medical examiners, including, but not limited to, discharge summaries, history and physical examination records, progress notes, laboratory results, intake sheets, questionnaires, operative records and reports, diagnostic test reports, orders, nursing notes, consultation requests and/or reports, face sheets, correspondence, memoranda, reports, birth and/or death certificates or records, office records, disability slips and records, copies of records from other providers, and specifically from:

   a.   Dr. Flora Dean, via de benne esse trial deposition

   b.   Dr. Clifford Furgison, via de benne esse trial deposition

   c.   Dr. Zachary Endress, via de benne esse trial deposition

   d.   Dr. Richard Weiss

   e.   Dr. Michael Draplin

   f.   Dr. Gabriel Sonse

P-10:   Any item marked as an exhibit during or for any deposition.

P-11:   Any and/all court filings by any party.

P-12:   All or portions of deposition transcripts.

P-13.   Prescription/Referral of physical therapy

P-14.   Transportation/Disability Certificate

P-15.   Prescription for Plaintiff's Back Brace Collar

P-16:   Medical bills at issue

P-17:   First-party claim file materials: any and all non-privileged records from any insurer for the plaintiff in a claim file for a first-party claim for benefits, including but not limited to those from Defendant

Plaintiff reserves the right to present any rebuttal evidence.  Plaintiff may refer to exhibits marked and attached to de benne esse trial depositions.

## DAMAGES:

| | |
|---|---|
| Rehab Alliance | $4765.00 |
| Detroit Medical Center | $466.00 |
| Macomb Orthopedic | $1600.00 |

| | |
|---|---|
| Michigan Orthopedic | $130.00 |
| Forest Park Clinic | $2800.00 |
| Associated Chiropractic Clinics | $10,775.00 |
| Kresge Eye Institute | $335.00 |
| East Pointe radiology | $128.00 |
| Replacement Services | $7800.00 |
| **Total** | **$28799.00** |

*Damages do not include allowable statutory interest and Attorney Fees

**ESTIMATED LENGTH OF TRIAL:    4 days**

    Time of plaintiffs' proofs: 2 days

    Time of defendants' proofs: 2 days

**ATTORNEY CONFERENCE:**

    Extensive settlement discussion has been ongoing in this matter.  As of August 16, 2011, Defendant has advised Plaintiff that certain bills may have been paid but has no written confirmation of the same.  Plaintiff is currently in the process of obtaining said information to verify payment of bills – which my modify Plaintiff's demand.  No settlement agreement has been reached.

NOTE - **Proposed Jury Instructions and Verdict form will be provided to the Court in**
    **accordance with the Court's Trial Procedural Order.**

                    Respectfully Submitted
                    /s/ Christina McPhail
                    CARL L. COLLINS, III (P55982)
                    CHRISTINA R. MCPHAIL (P70739)
                    Law Offices of Carl L. Collins, III
                    Attorneys for Plaintiff
                    18100 Meyers Road, Suite 392
                    Detroit, MI 48235
                    (313) 341-4100
                    listing36@aol.com

Dated: August 15, 2011

Exhibit D

## RELEASE OF CLAIMS

FOR THE SOLE CONSIDERATION of the sum of _Seventeen Thousand_ and no/100 ($17,000 ⁰⁰) Dollars, I, DAVID SIMMONS, being of legal age and capacity, hereby for myself, my heirs, executors, administrators and assigns, do release, acquit and forever discharge STATE FARM MUTUAL INSURANCE AUTOMOBILE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever, past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Wage Loss and Replacement Service Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009. I moreover release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Attendant Care Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009.  I further release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future arising from the alleged failure to pay No Fault Personal Protection Insurance Medical Expense Reimbursement Benefits to or on behalf of David Simmons incurred in consequence of an automobile accident which occurred on or about April 26, 2009, except for future Medical Expense Reimbursement Benefits, not including Attendant Care Benefits and/or Transportation Benefits, arising out of an injury sustained to David Simmons' right ankle.  √Additionally, I further agree to Release Medical Expense Reimbursement Benefits for treatment with Physicians Urgent Attendant Care and/or Timely Transportation as specifically set forth below.

Specifically, I do hereby release and discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY from the following claims and damages, set forth as examples and not for purposes of limitation:

1.)      All past, present and/or future expenses for necessary products, services and accommodations for the care, recovery or rehabilitation of David Simmons, including, but not limited to, medical, hospital, psychiatric, nursing, x-ray, dental, surgical, therapy, ambulance, chiropractic, prescriptions, mileage and/or transportation, cognitive rehabilitation, vocational rehabilitation and/or retraining, prosthetic device expenses, room and board, home modifications, case management fees and guardian fees, which may relate to injuries sustained in the above referenced accident EXCEPT FOR future medical expense benefits, not including attendant care and/or transportation, arising out of an injury sustained to David Simmons' right ankle.  Any and all claims, demands, actions and causes of actions of any sort whatsoever which may arise from State Farm Mutual Automobile Insurance Company's alleged failure to pay past, present and/or future medical expense benefits, except for future medical expense benefits, not including attendant care and/or transportation, to any and all of David Simmons' medical treatment providers for services rendered as a consequence of the above mentioned accident shall not in any way relate back to David Simmons' Complaint filed with respect to the above mentioned accident and/or to the date David Simmons filed his Complaint against State Farm Mutual Automobile Insurance Company with respect to the above mentioned accident.  The undersigned further agrees that he shall never again seek treatment

1

with Physicians Urgent Attendant Care and/or Timely Transportation for injuries sustained in consequence of an automobile accident which occurred on or about April 26, 2009, as set forth above.

2.) All past, present and future attendant care and/or supervisory care that would have been paid or payable pursuant to Section 3107 (1)(a) of the Michigan No-Fault Act.

3.) All past, present and future lost wages that would have been paid or payable pursuant to Section 3107 (1)(b) of the Michigan No-Fault Act.

4.) All past, present and future replacement service benefits which would have been reimbursed at a rate not to exceed $20.00 per day pursuant to Section 3107(1)(c) of the Michigan No-Fault Act.

5.) All interest charges that would have been owed or owing pursuant to Section 3142 of the Michigan No-Fault Act.

6.) All reasonable attorney fees which may have been payable as a result of representation on behalf of David Simmons in obtaining benefits allegedly owed as a result of the above mentioned accident.

7.) All other forms of economic loss as defined in Section 3101 et seq. of the Michigan No-Fault Act, or otherwise, resulting from the above mentioned accident, more fully described in the matter of David Simmons v. State Farm Mutual Automobile Insurance Company, United States District Court for the Eastern District of Michigan Case No. 2:10-cv-11857.

8.) All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators under the Uniform Fair Trade Practices Act or the Michigan Consumer Protection Act.

9.) All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators for fraudulent misrepresentation.

**IT IS FURTHER EXPRESSLY AGREED** that any and all past, present and future replacement service expenses and attendant care services are the sole responsibility of David Simmons. Additionally any and all past, present and future medical expenses, not excluded herein are the sole responsibility of David Simmons. I further agree that I will indemnify and/or hold harmless State Farm Mutual Automobile Insurance Company of and from any and all claims and/or judgments asserted or to be asserted against State Farm Mutual Automobile Insurance Company by any provider of replacement services, attendant care services, by any health care or other medical treatment provider, including Medicaid and/or Medicare, or any other person or entity for unpaid bills or invoices of any type arising out of the injuries sustained by me in connection with the above mentioned accident, except with respect to those future medical expense benefits excluded herein.

**IT IS FURTHER UNDERSTOOD** that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

**IT IS AGREED** that this settlement is a compromise of a disputed claim or claims and that any payments made hereunder are not to be construed as an admission of liability or indebtedness on the part of State Farm Mutual Automobile Insurance Company by whom all liability or indebtedness is expressly

2

Exhibit E

## RELEASE OF CLAIMS

     FOR THE SOLE CONSIDERATION of the sum of Seventeen Thousand and no/100 ($17,000.00) Dollars, I, DAVID SIMMONS, being of legal age and capacity, hereby for myself, my heirs, executors, administrators and assigns, do release, acquit and forever discharge STATE FARM MUTUAL INSURANCE AUTOMOBILE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever, past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Wage Loss and Replacement Service Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009. I moreover release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Attendant Care Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009. I further release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future arising from the alleged failure to pay No Fault Personal Protection Insurance Medical Expense Reimbursement Benefits to or on behalf of David Simmons incurred in consequence of an automobile accident which occurred on or about April 26, 2009, except for future Medical Expense Reimbursement Benefits, not including Attendant Care Benefits and/or Transportation Benefits, arising out of an injury sustained to David Simmons' right ankle. Additionally, I further agree to Release Medical Expense Reimbursement Benefits for treatment with Physicians Urgent Attendant Care and/or Timely Transportation as specifically set forth below.

     Specifically, I do hereby release and discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY from the following claims and damages, set forth as examples and not for purposes of limitation:

1.)    All past, present and/or future expenses for necessary products, services and accommodations for the care, recovery or rehabilitation of David Simmons, including, but not limited to, medical, hospital, psychiatric, nursing, x-ray, dental, surgical, therapy, ambulance, chiropractic, prescriptions, mileage and/or transportation, cognitive rehabilitation, vocational rehabilitation and/or retraining, prosthetic device expenses, room and board, home modifications, case management fees and guardian fees, which may relate to injuries sustained in the above referenced accident EXCEPT FOR future medical expense benefits, not including attendant care and/or transportation, arising out of an injury sustained to David Simmons' right ankle. Any and all claims, demands, actions and causes of actions of any sort whatsoever which may arise from State Farm Mutual Automobile Insurance Company's alleged failure to pay past, present and/or future medical expense benefits, except for future medical expense benefits, not including attendant care and/or transportation, to any and all of David Simmons' medical treatment providers for services rendered as a consequence of the above mentioned accident shall not in any way relate back to David Simmons' Complaint filed with respect to the above mentioned accident and/or to the date David Simmons filed his Complaint against State Farm Mutual Automobile Insurance Company with respect to the above mentioned accident. The undersigned further agrees that he shall never again seek treatment with Physicians Urgent Attendant Care and/or Timely Transportation for injuries

1

sustained in consequence of an automobile accident which occurred on or about April 26, 2009, as set forth above.

2.)      All past, present and future attendant care and/or supervisory care that would have been paid or payable pursuant to Section 3107 (1)(a) of the Michigan No-Fault Act.

3.)      All past, present and future lost wages that would have been paid or payable pursuant to Section 3107 (1)(b) of the Michigan No-Fault Act.

4.)      All past, present and future replacement service benefits which would have been reimbursed at a rate not to exceed $20.00 per day pursuant to Section 3107(1)(c) of the Michigan No-Fault Act.

5.)      All interest charges that would have been owed or owing pursuant to Section 3142 of the Michigan No-Fault Act.

6.)      All reasonable attorney fees which may have been payable as a result of representation on behalf of David Simmons in obtaining benefits allegedly owed as a result of the above mentioned accident.

7.)      All other forms of economic loss as defined in Section 3101 et seq. of the Michigan No-Fault Act, or otherwise, resulting from the above mentioned accident, more fully described in the matter of David Simmons v. State Farm Mutual Automobile Insurance Company, United States District Court for the Eastern District of Michigan Case No. 2:10-cv-11857.

8.)      All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators under the Uniform Fair Trade Practices Act or the Michigan Consumer Protection Act.

9.)      All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators for fraudulent misrepresentation.

**IT IS FURTHER EXPRESSLY AGREED** that any and all past, present and future replacement service expenses and attendant care services (except as provided below) are the sole responsibility of David Simmons. Additionally any and all past, present and future medical expenses, not excluded herein are the sole responsibility of David Simmons. It is agreed and understood that past and present claims by Physicians Urgent Attendant Care and Timely Transportation are not the responsibility of David Simmons. I further agree that I will indemnify and/or hold harmless State Farm Mutual Automobile Insurance Company of and from any and all claims and/or judgments asserted or to be asserted against State Farm Mutual Automobile Insurance Company by any provider of replacement services, attendant care services, by any health care or other medical treatment provider, including Medicaid and/or Medicare, or any other person or entity for unpaid bills or invoices of any type arising out of the injuries sustained by me in connection with the above mentioned accident, except with respect to those future medical expense benefits excluded herein as well as the past and present claims by Physicians Urgent Care and Timely Transportation not released herein.

**IT IS FURTHER UNDERSTOOD** that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

2

**IT IS AGREED** that this settlement is a compromise of a disputed claim or claims and that any payments made hereunder are not to be construed as an admission of liability or indebtedness on the part of State Farm Mutual Automobile Insurance Company by whom all liability or indebtedness is expressly denied.  No terms or conditions contained with any check or draft tendered in satisfaction hereof shall modify, alter or expand the terms and conditions of this Release.

**IT IS AGREED** that the undersigned waives any right or cause of action which may accrue as a result of any change, either legislatively or by judicial decision, as it may relate to the Michigan No-Fault Act.

**IT IS FURTHER AGREED** that facsimile copies of signatures to this Release and Agreement shall be treated as original signatures for all purposes.

**The undersigned declares that he has carefully and fully read this Release and understands its terms and has signed the same as his own free act and deed.**

_____
DAVID SIMMONS

IN THE PRESENCE OF:

_____
Witness

Subscribed and sworn to before me
on this ____ day of _____, 2011

_____
Notary Public, County of
My Commission Expires:

3

Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SIMMONS,

      Plaintiff,

v.

STATE FARM INSURANCE COMPANY,

      Defendants.

Case No. 10-11857
Hon. Bernard A. Friedman

_____/

**ORDER OF DISMISSAL**

On August 23, 2011, the parties in this matter reached a settlement, the terms of which were placed on the record and are hereby incorporated into this order. Accordingly,

IT IS ORDERED that the complaint is dismissed with prejudice and without costs. However, the Court expressly reserves jurisdiction for a period of ten days to enforce all terms of the settlement agreement as placed on the record.

Dated: August 23, 2011
      Detroit, Michigan

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Exhibit G



FILED

AUG 26 2011

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SIMMONS,

        PLAINTIFF,

v.

STATE FARMS INSURANCE COMPANY,

        DEFENDANT,

CASE NO. **2:10-cv-11857**

HONORABLE: Bernard A. Freidman

| | |
|---|---|
| IN PRO PER<br>DAVID SIMMONS<br>6026 CENTRAL<br>DETROIT, MICHIGAN 48210 | SECREST WARDLE<br>NATHAN J. EDMONDS (P51453)<br>ATTORNEY FOR DEFENDANT<br>94 MACOMB PLACE<br>MT. CLEMENS, MI 48043<br>(586) 465-7180<br>(586) 465-0673(Fax) |

## AFFIDAVIT OF DAVID SIMMONS

I, DAVID SIMMONS, being of lawful age and capacity, hereby for myself, my heirs, executors, administrators and assigns, do hereby, make no release of any kind to, STATE FARMS MUTUAL INSURANCE AUTOMOBILE COMPANY et al, from any and all statements initially filed in original complaint, (SOLEMNLY AFFIRM): AND SAY THAT:

1. I am the Petitioner in this matter and have personal knowledge of the matters herein referred to.

   **Background**

2. I am 50 years of age.
3. I was the pedestrian, who in-fact was struck, by an uninsured motorist, who was drunk.
4. The uninsured motorist caused Plaintiff to be physically pinned between a liquor store wall and her bumper, causing Plaintiff, to sustain serious, disabling, and catastrophic personal injuries to plaintiff, to wit:

   a. Multiple fractures
   b. Traumatic brain injury
   c. Permanent ambulatory limitations
   d. Chronic back and leg pain

      e.   Chronic head aches

      f.   Neck and eye pain

**Approval for Assign Claims benefits**

5.   Plaintiff was assigned a claim number which is **22k359924. MCL 500.3101 et seq. [Provided by and through Assign Claims.].**

6.   The Defendants failed to perform under the provisions set forth in the **Michigan No-fault Act, MCL 500.3142 (1)(2),(3),** which states,

     (1)  *"Personal protection insurance benefits are payable as loss accrues".*

     (2)  *States in whole, " Personal protection insurance benefits are overdue if not paid within 30 days after an insurer reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States Mail in a properly addressed, postpaid envelopes, or, if not so posted, on the date of delivery".*

     (3)  *"An overdue payment bears simple interest at the rate of 12% per annum".*

     (4)  Plaintiff met the requirements set forth under the Michigan No-Fault Act and complied with the provision in MCL 500. 3151. Specifically:

     (5)  Plaintiff, David Simmons' is entitled to receive **(PIP)** benefits.  Plaintiff, alleges the Defendant, "refused" to pay benefits to which he is entitled under the Michigan No-Fault Act, and the Legislature.

     (6)  Plaintiff reasserts, that the legislature did not intend to give insurers immunity from making fraudulent statements or actions and has recognized that fraudulent acts should be prohibited.

     (7)  Plaintiff reasserts that MCL 500.2001, of the "Uniform Trade Practices Act" (UTPA) prohibits an insurer such as STATE FARMS, and its employees from making fraudulent statements. MCL 500.2003. Prohibited Trade Practices, as mentioned in Original Complaint as Exhibit "A".

     (8)  Plaintiff explicitly reserve all rights pursuant hereto, and Original Complaint.

7. On or about 05/24/2011, the Settlement conference, Attorney Nathan J. Edmonds, and Magistrate: Mark A. Randon, informed me that STATE FARMS MUTUAL AUTOMOBILE INSURANCE COMPANY, had compelling information that I committed fraud, and that they had compelling video of me working, and that it would not be in my interest to continue to pursue said allegations set forth in initial complaint, and that I should retain an attorney.

8. I in-fact contact Carl Collins office, to represent me in regards to this suit at hand, not because of any type of fraud on my behalf, yet the pain in my body was great from the catastrophic automobile accident, and at that time I was unable to represent myself, believing that the Law firm of Carl Collins III, would handle this matter in a skillful manner.

9. On or about 08/23/2011, I was informed through counsel that there was not any evidence, to continue to pursue these claims, when STATE FARMS MUTUAL AUTOMOBILE INSURANCE COMPANY, was going to pay, if I agreed to their terms and conditions.

10. On or about June 17, 2011, my beloved Mother passed away, from heart failure, I David Simmons in-fact became was depressed, and fell into a greater depression, due to this Catastrophic automobile accident, unable to assist like I use to due to this accident, and the sudden death of my mother, was too much for me to bear, and could not remember much of the Original Complaint, due to short term memory loss, and chronic pain.

11. On or about 08/22/2011, I David Simmons received a call from Attorney Carl Collins III, to remind me of a pretrial scheduled for 08/23/2011, and that I had to be there at the UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION. TIME 1:00pm, in Honorable Bernard A. Freidman chambers.

12. On or about 08/23/2011, time about 10:00am, I David Simmons, contact the law office of Carl Collins III, to inform them of my situation that I was encountering and that I, could not make it to the Pre-Trial mentioned in the foregoing paragraph(11), and location, due to the great pain that I was enduring in my body, within the course of that early morning.

13. I David Simmons, was informed, by and through counsel that I had to be there, and that if I did not show that my case would be possibly dismissed, and that I should settle the case.

14. I did in-fact appeared as scheduled, and the Honorable Judge: Bernard A. Friedman, had to take care of a more urgent matter at hand, yet I patiently waited and enduring the chronic pain that I was dealing with, and counsel, continually being persistent in settling the case, and wanting to leave no sooner than I arrived, and in a state of depression finally, agreed and yet under duress, stress, depression, and Chronic pain, and cohersion, I gave up.

15. And therefore agreed to said request against my will, to settle so that I could leave and deal directly with the Chronic pain that I was painfully enduring.

16. On or about 08/24/2011, I David Simmons, contact counsel that I did not want to settle, and/or dismiss this case, after I was able to read the RELEASE OF CLAIM, Exhibit "B" and the stipulations, which is totally contrary to my Original Complaint, and therefore do not RELEASE ANY CLAIMS, arising out of the ORIGINAL Complaint in its entirety., as Exhibit "A", Also SEE: David Simmons, Affidavit and Permanent Release of All Attorney Services, as Exhibit "C"

SWORN BEFORE ME in the City of Detroit, in the Province of Michigan

This 25th day of August, 2011



By: _David Simmons_

Aaron T. Maat