

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DAVID SIMMONS,

Plaintiff

Case No. 2:10-cv-11857

Honorable Bernard A. Friedman

vs.

STATE FARM INSURANCE COMPANY,

Defendant.

_____/

| | |
|---|---|
| DAVID L SIMMONS | Secrest Wardle |
| In PRO SE | Nathan J. Edmonds (P51453) |
| 6026 Central | Attorney for Defendant |
| DETROTI, MI   48210 | 94 Macomb Place |
| | Mt. Clemens, MI  48043 |
| | (586) 465-7180 |
| | (586) 465-0673 (Fax) |

### PLAINTIFF'S MOTION TO STRIKE ATTORNEY CARL L. COLLINS III'S MOTION TO ENFORCE SETTLEMENT AND DEFENDNAT'S EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT

   **NOW COMES** Plaintiffs David L Simmons, in pro per, who motions this court to strike Attorney Carl Collins Motion to enforce Settlement and the Defendants' Motion to enforce Settlement Agreement , for the following reason:

## STATEMENT OF FACTS

On or about April 26, 2009, Plaintiff, David Simmons, a pedestrian with no Automobile insurance coverage, was exiting a convenient store / liquor store, talking to a relative on his cell phone, and was struck, by an alleged uninsured motorist, who was drunk. The uninsured motorist caused Plaintiff to be physically pinned between a liquor store wall and her bumper, causing Plaintiff ,to sustain serious, disabling, and catastrophic personal injuries to Plaintiff, to wit:

    a. Multiple fractures

    b. Traumatic Head injury

    c. Permanent ambulatory limitations

    d. Other physical injuries

Defendant became responsible for Plaintiff' s "PIP" benefits by reason that, plaintiff was an uninsured pedestrian, who was injured in a motor vehicle accident, which require reimbursements for the cost , including but not limited to the following:

    a. Medical Transportation

    b. Attendant care

    c. Medical bills, expenses for care, Recovery and rehabilitation

    d. Household replacement services

    e. Case management services

    f. Other PIP benefits in accordance with the below provisions.

Plaintiff was assigned a claim number, which is **22K359924.** MCL 500.3101 et

seq.*[Provided by and through Assign Claims.].* On or around May of 2009, Plaintiff was provided with attendant care services, and household replacement services, **which the** Defendant State Farms, subsequently never paid. So, Plaintiff filed suit on April 26, 2010 seeking redress under fraudulent misrepresentations, breach of Performance /Contract , violations of the Michigan No- Fault Act, and Uniform Trade Practices Act. Plaintiff met all the requirements as specified by doctors. Since plaintiff filed suit, the defendants Miraculously started paying the balances regarding: Rehab Alliance, Detroit Medical Center, Macomb Orthopedic, Michigan Orthopedic, Forest Park Clinic, Associated Chiropractic Clinics, Kresge Eye Institute, East Pointe radiology. Again, plaintiff had to file suit in order to get performance.

Attorney Carl Collin never performed as David Simmons asked and required. David Simmons requested Carl Collins to Compel Discovery from the Defendants'. Mr. Collins told Mr. Simmons that a motion to compel was filed on the record. Ultimately, the Motion to Compel Discovery was never filed, so that Plaintiff could obtain the Damaging Video surveillance which was allegedly in the Defendants' possession. The discoveries were never answered by the defendants. On 8-12- 2010 Attorney Carl Collins placed his appearance on the record. On 8-16-2011 Collins filed "Plaintiff's proposed Supplemental as to Joint Pretrial Facts. According to the history of this Docket, Attorney Carl Collins filed two things. But, Carl Collins wants all but 2,000 dollars of the settlement money which is $17,000.00. Ms. Christina McPhail and Carl Collins mislead plaintiff and told plaintiff to make statements of settlement in the record on August 23, 2011. To further show that Carl Collins was not working in plaintiff's best interest, Mr. Collins the III now files a motion to enforce settlement, although David Simmons never signed the Settlement offer, and although Mr. Collins' office was informed that their services were no longer needed on 8-24-2011 .

## STANDARD OF REVIEW

### FRCP Rule 12. (f) Motion To Strike.

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A motion to strike a motion under FRCP 12(f) is proper "when the defense is insufficient as a matter of law." See *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); *United States v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d763, 768 (N.D. Tex. 2002) (citations omitted). Where, as here, the motion will protract and complicate the litigation and, thereby prejudice the plaintiff, such defenses will be stricken. See *United States v. Benavides*, 2008 WL 362682, *4-5(S.D. Tex. 2008).

### LEGAL ARGUMENT

The often-overlooked offer of judgment Rule — Federal Rule of Civil Procedure (FRCP) 68 — may be a valuable tool for defendants if carefully employed. An offer of judgment's Primary benefit is its obvious risk- shifting effect. Rule 68 forces plaintiffs, particularly small plaintiffs, to proceed cautiously in the face of mounting costs and uncertainty. FRCP 68 provides, in pertinent part, that:

**at any time more than 10 days before the trial begins, a party defending against a**

> **claim may serve upon the adverse patty an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer**

The Supreme Court has found Rule 68 to express a clear policy of favoring the settlement of lawsuits. Ian H. Fisher, Federal Rule 68, A Defendant's Subtle Weapon: Its Use and Pitfalls, 14 DePaul Bus. Li. 89, 91 (2001) (citing Marek v. Cbesny, 473 U.S. 1, 6 (1985)). Where a plaintiff rejects an offer of judgment, it is thereafter faced with the Possibility of: 1) paying a defendant's post-offer costs; and 2) being precluded from recovering its own post-offer costs. Moreover, Rule 68 may be particularly effective against the contingency fee plaintiff. Plaintiffs who have retained counsel on a contingency fee basis are especially sensitive to Rule 68 offers of judgment. Until a Rule 68 offer is made, the contingency fee plaintiff faces no real direct financial risk in pursuing the litigation. A Rule 68 offer, however, forces the contingency fee plaintiff to weigh the possibility of having to pay the defendant's costs against the likelihood of obtaining a judgment more favorable than the Rule 68 offer. (This article does not address the application of Rule 68 in the class action and multiple plaintiff contexts. Some of the suggestions contained in this article may not be applicable in those contexts.) In product liability cases — particularly damages cases involving years of discovery and expensive experts — Rule 68 may be an invaluable defense weapon

Like any litigation tactic, Rule 68 must be employed skillfully in order to achieve the desired outcome. In particular, the timing and language of a Rule 68 offer are critically important. It is important to note that Rule 68 places no limits on the number of offers that can be made over the course of a given case. As such, it may be advantageous to make an early and relatively unsubstantial Rule 68 offer. Making an early and relatively unsubstantial offer has several upsides and involves little risk A plaintiff is only responsible for post- offer costs under Rule 68. An early offer necessarily yields a higher aggregation of costs. As such, the earlier the offer, the greater the Financial pressure that is placed on the plaintiff. The sooner the offer is made, the sooner the plaintiff will have to consider the possible application of Rule 68's cost-shifting provisions.

In this Case, an offer of settlement was stated on the record by David Simmons on August 23, 2011, due to this court and Mr. Collins' fraudulent misrepresentations, in a conspiracy to protect the insurance company. This court (Judge Friedman) made statements that "the defendants have damaging evidence". The magistrate judge also made statements that "the defendants had compelling evidence so you should settle". This court has exhibited bias and partial behavior toward Plaintiff. Plaintiff has the right to face his accuser. The Confrontation Clause has its roots in both English common law, protecting the right of cross-examination, and Roman law, which guaranteed persons accused of a crime the right to look their accusers in the eye. In noting the right's long history, the United States Supreme Court has cited Acts of the Apostles 25:16, which reports the Roman governor Porcius Festus, discussing the proper treatment of his prisoner Paul: "It is not the manner of the Romans to deliver any man up to die before the accused has met his accusers face-to-face, and has been given a chance to defend himself against the charges." It has also cited Shakespeare's Richard II, Blackstone's treatise, and statutes. Plaintiff has the right to see the evidence claimed against him.

6

Despite plaintiff's former attorney Motion to Enforce of Settlement offer, plaintiff never signed the settlement offer. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. (FRCP 68) Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ. P. 12(f) (West 2011). However, [m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." Stanbury Law Firmv. I.R..S., 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted); see also BJC Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007)("Striking a party's pleading, however, is an extreme and disfavored measure.");Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed. 2010) ("Both because-2-striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harrassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor bythe federal courts and are infrequently granted."). Because motions under Rule12(f) are disfavored, courts generally require that a party asserting a motion under this rule show (1) "that the allegations being challenged in the defendant's answer are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense," and (2) "that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Sobba v. Elmen, 462 F. Supp. 2d 944,946 (E.D. Ark. 2006) (internal quotations omitted) (citing Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1380); see also Southwestern Bell Telephone, L.P. v.Missouri Public Service Com'n, 461 F. Supp. 2d 1055, 1064 (E.D. Mo. 2006)(citing Moore, et al., Moore's Federal Practice § 12.37[3] (3d ed. 2009)) Gilbee v.RJW Transport, Inc., No. 1:10CV60SNLJ, 2010 WL 4974863, at *2 (E.D. Mo.Nov. 24, 2010).

Here, Defendant's motion cannot succeed because Plaintiff has shown, and argued, that he will be prejudiced if defendant's request is not stricken the defenses will protract and complicate the litigation and, thereby prejudice the plaintiff, such defenses will be stricken. See *United States v. Benavides*, 2008 WL 362682, *4-5(S.D. Tex. 2008). Further, The defendants cannot enforce a non-binding agreement. the legislature did not intend to give insurers immunity from making fraudulent Statements or actions and has recognized that fraudulent acts should be prohibited. the ``Uniform Trade Practices Act'' (UTPA) prohibits an insurer such as State Farm, and its employees from making fraudulent statements. MCL 500.2003. Prohibited Trade Practices; is defined as:

> Sec. 2003 (1) A person shall not engage in a trade practice which is defined in this Uniform Trade Practices Act or is determined pursuant to this act to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

> (2) `Person' means a person defined in section 114 and includes an agent, solicitor, **counselor,** or adjuster, but excludes the property and casualty guaranty association.

This Court has breached it's oath and the defendant has misrepresented several material facts, in further violation of the Uniform Trade Practices Act. Defendant, State Farms

Insurance specifically misrepresented that:

      a. The defendant has compelling evidence

      b. Plaintiff should settle immediately.

      c. Plaintiff has not sustain evidence of any wrong doing

      e. Plaintiff does not have a expert witness to testify.

      f. The doctor that examine Plaintiff was incompetent and should have never been licensed

Defendant has misrepresented payment dates, and ultimately has failed to pay Plaintiff his "PIP" benefits, to which he is entitled to receive, in accordance within the applicable Michigan no-fault provisions set forth in his complaint. The Defendants misrepresented that they would pay, at a specified time period but did not. Plaintiff had to file suit to obtain redress in order to see action. Plaintiff is owed for his pain suffering. Plaintiff has sustained damages as a result of defendant's misrepresentation, and failure to perform/pay Plaintiff's his "PIP" benefits . `The defendants and its unreasonable delay, fraudulent misrepresentation and/or fraudulent concealment of the facts is a result of violations of the provisions of Michigan no-Fault laws

Carl Collins never performed as required by plaintiff. Carl Collins is a liar. Revelation 21:8 states that, " ... all liars shall have their part in the lake which burns with fire and brimstone,

which is the second death." In Luke 11:46, Jesus replied, "And you experts in the law, woe to you, because you load people down with burdens they can hardly carry, and you yourselves will not lift one finger to help them. Woe to you experts in the law, because you have taken away the key to knowledge. You yourselves have not entered, and you have hindered those who were entering." **Luke 11:52. Matthew 23:13** States: "Woe to you, teachers of the law and Pharisees, you hypocrites! You shut the kingdom of heaven in men's faces. You yourselves do not enter, nor will you let those enter who are trying to. Carl Collins fits the description the bible foretold, year before this situation.

Ultimately, Plaintiff may relinquish the constitutional right to be represented by counsel at any time. In numerous cases over a period of many years, the Supreme Court has spelled out what is required for a valid waiver of counsel. Beginning with Johnson v. Zerbst in 1938, while dealing with waiver of counsel in a federal criminal case in which defendants proceeded to trial without legal representation, the Supreme Court explained:

> '[C]ourts indulge every reasonable presumption against waiver' of fundamental constitutional rights.... A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.... The constitutional right of an accused to be represented by counsel ... imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and

appropriate for that determination to appear upon the record.

In 1947, in a case where a defendant pled guilty to a felony charge without the assistance of counsel, the Supreme Court elaborated on what is necessary to constitute a valid waiver:

> To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered. In 2004, the Supreme Court reaffirmed its position on waiver of counsel in the case of Iowa v. Tovar. In this case, the defendant pled guilty to the misdemeanor charge of operating a motor vehicle while under the influence of alcohol. Citing its 1938 decision in Johnson v. Zerbst, the Court again emphasized that "any waiver of counsel [must] be knowing, voluntary, and intelligent." The Court further explained that it had not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend on a range of case specific factors, including the

defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." While conceding that its decisions concerning the right to counsel suggest that a lawyer is necessary in order to assure that a defendant receives a fair trial, the Supreme Court in 1975, nevertheless, held in Faretta v. California that a defendant has a constitutional right to proceed without counsel.

Plaintiff's waiver of Mr. Collins was knowing, voluntary, and intelligent. Plaintiff knew of Mr. Collins' intention to deprive plaintiff of redress under the issues presented. Now Carl Collins motions via enforcement of Settlement agreement, praying that this Honorable Court grant his motion to :

    a. Allowing for the enforcement of settlement agreement.

    b. Allow this Court to approve and permits Carl Collins to disburse settlement proceeds in accordance with the governing law in this matter; allowing for payment of Plaintiff's counsel fees, medical bills, and Plaintiff's replacement (household) services; and

    c. that the Law Offices representation of Mr. Simmons be terminated upon the final disbursement of settlement proceeds.

Plaintiff filed suit seeking payment of his PIP benefits which were never paid. Carl Collins is requesting that this court disburse funds that should have been paid in 2009. Christina McPhail stated to Plaintiff that there was no evidence to sustain damages, and that Plaintiff's Doctor Flora Dean was incompetent and that she retain her license from a "Cracker jack box" . Plaintiff agree to make statements of settlement due to Christina McPhail's liesssssssssssssssssss. *A public official is a fiduciary toward the public, including, in the case of a Attorney, the litigants who she/he represents. . ."* (Emphasis added.) *McNALLY v. UNITED STATES,483*

13

*U.S. 350, 371, 372 (1987).* Mr. Collins and Christiana McPhail breach their fiduciary duty to David Simmons which results in further injuries sustain by Plaintiff David Simmons.

### Conclusion and relief Sought

Determination by this Court that the defendant and attorney Carl Collins motion is any redundant, immaterial, impertinent, or scandalous matter insufficient as a matter of law; and, whereas this Court has actual knowledge that the defendant and attorney Carl Collins defense is insufficient as a matter of law; and, whereas this Court has actual knowledge that the motion will protract and complicate the litigation and, thereby prejudice the plaintiff, this court has a non-discretionary duty to strike the Defendants and Attorney Carl Collins motion to enforce settlement and proceed to Trial.

By: _____

DAVID SIMMONS

Saint and Judge Pursuant to

DATE 9-06-11

1 Corinthians 6:2

14