## RELEASE OF CLAIMS

FOR THE SOLE CONSIDERATION of the sum of Seventeen Thousand and no/100 ($17,000.00) Dollars, I, DAVID SIMMONS, being of legal age and capacity, hereby for myself, my heirs, executors, administrators and assigns, do release, acquit and forever discharge STATE FARM MUTUAL INSURANCE AUTOMOBILE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever, past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Wage Loss and Replacement Service Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009. I moreover release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future, arising from the alleged failure to pay No Fault Personal Protection Insurance Attendant Care Benefits to or on behalf of David Simmons, incurred in consequence of an automobile accident which occurred on or about April 26, 2009. I further release, acquit and forever discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, its officers, shareholders, attorneys, employees, agents, affiliates, representatives, and assigns from all claims, demands, actions and causes of action, of any sort whatsoever past, present and/or future arising from the alleged failure to pay No Fault Personal Protection Insurance Medical Expense Reimbursement Benefits to or on behalf of David Simmons incurred in consequence of an automobile accident which occurred on or about April 26, 2009, except for future Medical Expense Reimbursement Benefits, not including Attendant Care Benefits and/or Transportation Benefits, arising out of an injury sustained to David Simmons' right ankle. Additionally, I further agree to Release Medical Expense Reimbursement Benefits for treatment with Physicians Urgent Attendant Care and/or Timely Transportation as specifically set forth below.

Specifically, I do hereby release and discharge STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY from the following claims and damages, set forth as examples and not for purposes of limitation:

1.) All past, present and/or future expenses for necessary products, services and accommodations for the care, recovery or rehabilitation of David Simmons, including, but not limited to, medical, hospital, psychiatric, nursing, x-ray, dental, surgical, therapy, ambulance, chiropractic, prescriptions, mileage and/or transportation, cognitive rehabilitation, vocational rehabilitation and/or retraining, prosthetic device expenses, room and board, home modifications, case management fees and guardian fees, which may relate to injuries sustained in the above referenced accident EXCEPT FOR future medical expense benefits, not including attendant care and/or transportation, arising out of an injury sustained to David Simmons' right ankle. Any and all claims, demands, actions and causes of actions of any sort whatsoever which may arise from State Farm Mutual Automobile Insurance Company's alleged failure to pay past, present and/or future medical expense benefits, except for future medical expense benefits, not including attendant care and/or transportation, to any and all of David Simmons' medical treatment providers for services rendered as a consequence of the above mentioned accident shall not in any way relate back to David Simmons' Complaint filed with respect to the above mentioned accident and/or to the date David Simmons filed his Complaint against State Farm Mutual Automobile Insurance Company with respect to the above mentioned accident. The undersigned further agrees that he shall never again seek treatment with Physicians Urgent Attendant Care and/or Timely Transportation for injuries

sustained in consequence of an automobile accident which occurred on or about April 26, 2009, as set forth above.

2.) All past, present and future attendant care and/or supervisory care that would have been paid or payable pursuant to Section 3107 (1)(a) of the Michigan No-Fault Act.

3.) All past, present and future lost wages that would have been paid or payable pursuant to Section 3107 (1)(b) of the Michigan No-Fault Act.

4.) All past, present and future replacement service benefits which would have been reimbursed at a rate not to exceed $20.00 per day pursuant to Section 3107(1)(c) of the Michigan No-Fault Act.

5.) All interest charges that would have been owed or owing pursuant to Section 3142 of the Michigan No-Fault Act.

6.) All reasonable attorney fees which may have been payable as a result of representation on behalf of David Simmons in obtaining benefits allegedly owed as a result of the above mentioned accident.

7.) All other forms of economic loss as defined in Section 3101 et seq. of the Michigan No-Fault Act, or otherwise, resulting from the above mentioned accident, more fully described in the matter of David Simmons v. State Farm Mutual Automobile Insurance Company, United States District Court for the Eastern District of Michigan Case No. 2:10-cv-11857.

8.) All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators under the Uniform Fair Trade Practices Act or the Michigan Consumer Protection Act.

9.) All claims against State Farm Mutual Automobile Insurance Company or any of its agents, employees, or representatives including investigators for fraudulent misrepresentation.

**IT IS FURTHER EXPRESSLY AGREED** that any and all past, present and future replacement service expenses and attendant care services (except as provided below) are the sole responsibility of David Simmons. Additionally any and all past, present and future medical expenses, not excluded herein are the sole responsibility of David Simmons. It is agreed and understood that past and present claims by Physicians Urgent Attendant Care and Timely Transportation are not the responsibility of David Simmons. I further agree that I will indemnify and/or hold harmless State Farm Mutual Automobile Insurance Company of and from any and all claims and/or judgments asserted or to be asserted against State Farm Mutual Automobile Insurance Company by any provider of replacement services, attendant care services, by any health care or other medical treatment provider, including Medicaid and/or Medicare, or any other person or entity for unpaid bills or invoices of any type arising out of the injuries sustained by me in connection with the above mentioned accident, except with respect to those future medical expense benefits excluded herein as well as the past and present claims by Physicians Urgent Care and Timely Transportation not released herein.

**IT IS FURTHER UNDERSTOOD** that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

2

**IT IS AGREED** that this settlement is a compromise of a disputed claim or claims and that any payments made hereunder are not to be construed as an admission of liability or indebtedness on the part of State Farm Mutual Automobile Insurance Company by whom all liability or indebtedness is expressly denied. No terms or conditions contained with any check or draft tendered in satisfaction hereof shall modify, alter or expand the terms and conditions of this Release.

**IT IS AGREED** that the undersigned waives any right or cause of action which may accrue as a result of any change, either legislatively or by judicial decision, as it may relate to the Michigan No-Fault Act.

**IT IS FURTHER AGREED** that facsimile copies of signatures to this Release and Agreement shall be treated as original signatures for all purposes.

**The undersigned declares that he has carefully and fully read this Release and understands its terms and has signed the same as his own free act and deed.**

_____
DAVID SIMMONS

IN THE PRESENCE OF:

_____
Witness

Subscribed and sworn to before me
on this \_\_\_\_ day of _____, 2011

_____
Notary Public, County of
My Commission Expires: